**UNITED STATES of America,**
**Plaintiff,**

v.

**JOHN R.–PIQUETTE CORPORATION,**
Showcase National Corporation, Machlay Foods, Incorporated, Defendants,

v.

Leonard **SCHULTZ,** Shirley Schultz, his wife, Bank of the Commonwealth, David J. Zimring, Third Party Defendants.

**Civ. A. No. 33981.**

United States District Court,
E. D. Michigan, S. D.

May 3, 1971.

Ralph B. Guy, Jr., U. S. Atty., E. D. Michigan, by Robert A. Rosenberg, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

William P. Thorpe, Frank W. Donovan, McClintock, Fulton, Donovan & Waterman, Detroit, Mich., for Showcase National Corp.

Carl L. Rubin, Josephson & Tennen, Detroit, Mich., for Machlay Foods, Inc.

Wallace M. Handler, Bizer, Sommers & Gordon, P. C., Detroit, Mich., for Leonard Schultz and Shirley Schultz.

Dennis H. Bloomquist, Parsons, Tennent, Hammond, Hardig & Ziegelman, Detroit, Mich., for Bank of the Commonwealth.

David J. Zimring, Chicago, Ill., for David J. Zimring.

**RULING ON MOTIONS TO COMPEL DISCOVERY**

ROTH, District Judge.

This is a civil action brought by the United States of America at the request

of the Acting Commissioner, Public Buildings Service, General Services Administration, pursuant to the authority set forth in 25 Stat. 357, c. 728, as amended, 40 U.S.C. 257; 46 Stat. 1421, c. 307, 40 U.S.C. 258a; 63 Stat. 377, as amended; H.J. Resolution 966, Public Law 91–117, approved November 14, 1969, for the purposes of taking the property described in Schedule A attached to the complaint and under the ownership or interest of the defendants for the purpose of office space and other related uses of the Government.

Defendants now move this Court for an order compelling the discovery of the facts and opinions of certain experts whose appraisals of the property are known to the government, some of whom will be called as expert witnesses at trial of the cause, some of whom were retained in the preparation of trial but who will not be called, and some who fall in neither of these categories. The government has responded to this motion and lodged its objections thereto with the Court, and has filed a motion on its own behalf for discovery of witnesses, documents, exhibits and other material to be used by the defendants in the trial. The government has suggested in its response to defendants' motion that the parties exchange the appraisals of witnesses to be used at trial at the earliest appropriate time.

The extent to which facts known and opinions held by experts were discoverable under the federal rules was the subject of much discussion and division in the federal courts prior to the amendment to the rules promulgated in 1970. See, Wright & Miller, Federal Practice and Procedure: Civil § 2029. The 1970 amendment may resolve much of the disagreement on this subject, but even this advance is objected to by some as not going far enough. Wright & Miller, op. cit. supra, at p. 250. In fact, it is a sixth circuit case which is cited by the above work in its textual discussion of the pre-amendment liberality of some courts. Sachs v. Aluminum Co. of America, 167 F.2d 570 (6th Cir. 1948); Wright & Miller, op. cit. supra, at p. 241. In *Sachs,* the Circuit Court of Appeals upheld the judgment of the Ohio District Court holding plaintiff's expert in contempt for refusing to answer questions in defendant's deposition. The court in United States v. Meyer, 398 F.2d 66 (9th Cir. 1969) (which goes even further than *Sachs* and the 1970 amendments in that it would allow free discovery of the opinions of all experts whether they were to be used at trial or not) emphasizes the purposes to be served by discovery—to encourage settlements, to avoid surprise, to permit effective cross-examination and rebuttal and, basic to all others, "to elicit truth essential to correct adjudication"—citing *Sachs* as support for the last stated purpose.

Fed.R.Civ.P. 26(b) (4) provides for quite liberal discovery of the opinions of experts:

(4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b) (1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A) (i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b) (4) (C) of this rule, concerning fees and expenses as the court may deem appropriate.

(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b) (4) (A) (ii) and (b) (4) (B) of this rule; and (ii) with respect to discovery obtained under subdivision (b) (4) (A) (ii) of this rule the court may require, and with respect to discovery obtained under subdivision (b) (4) (B) of this rule the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Rule 26(b) (4) (A), intended to facilitate cross-examination and rebuttal of experts at trial, is expressly limited to those experts who will be used as witnesses at trial. This subsection also provides for the method to be used in obtaining the information desired, *i. e.*, through interrogatories to the other party requesting information regarding (1) the identity of any expert witness the other party expects to call at trial; (2) the subject matter on which the expert is expected to testify; and (3) the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. After this step has been taken and should the moving party wish further discovery he may so move under 26(b) (4) (A) (ii). Recognizing that the Court must take cognizance on the one hand of the defendants' burden of proving the value of the land, and on the other hand of the interest of the federal rules in refining the issues in order to obtain a speedy determination at the trial, this Court believes the best course is to follow the "two-step" procedure set forth in the amended rule rather than the "free discovery" advanced by the *Meyer* case. United States v. 2,001.10 Acres of Land, etc., State of Georgia, 48 F.R.D. 305 (N.D.Ga.1969). In promulgating the amendments to this rule the advisory committee took special notice of the complicated issues that arise in condemnation cases.

A California study of discovery and pretrial in condemnation cases notes that the only substitute for discovery or experts' valuation materials is "lengthy-and often fruitless-cross-examination during trial," and recommends pretrial exchange of such material. Calif.Law Rev.Comm'n., Discovery in Eminent Domain Proceedings, 707–710 (Jan. 1963). Similarly, effective rebuttal requires advance knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against discovery, then the narrowing of issues and elimination of surprise which discovery normally produces are frustrated. Proposed Amendments to Civil Rules, 43 F.R.D. 211, at 234 (Judicial Conference of the United States, 1967). See also the remaining portions of the Committee's Comments relating to this rule, 43 F.R.D. 211, 233–235. Thus, keeping in mind the balancing of competing interests required of the Court, the parties herein should submit interrogatories to the opposite sides as provided for in Rule 26(b) (4) (A). Once both sides have revealed this information, if either desires further discovery, the Court will entertain appropriate motions.

■ With regard to those experts retained or specially employed in anticipa-

tion of litigation or preparation for trial but not expected to be used at trial, discovery can be obtained only on a showing of "exceptional circumstances." Discovery of this information must follow the provisions set forth in Rule 26(b) (4) (B).

> Past judicial restrictions on discovery of an adversary's expert, particularly as to his opinions, reflect the fear that one side will benefit unduly from the other's better preparation. The procedure established in subsection (b) (4) (B) holds the risk to a minimum. Discovery is limited to trial witnesses, and may be obtained only at a time when the parties know who their expert witnesses will be. A party must as a practical matter prepare his own case in advance of that time, for he can hardly hope to build his case out of his opponent's experts. Discovery is limited to opinions previously given by the expert or to be given by him on direct examination at trial. Proposed Amendments to Civil Rules, 43 F.R.D. 211, at 235 (Judicial Conference of the United States, 1967).

Defendants herein have not made a sufficient showing of "exceptional circumstances" to require the government to reveal this information.

The Court believes that the mutual and simultaneous exchange of the factual information and opinions of the parties' respective experts, in the manner provided for in the rules (*i. e.*, interrogatories and then further discovery, if necessary), will best facilitate a clarification of the issues and prepare all counsel for orderly and expeditious presentation at trial. Accordingly, the respective motions to compel discovery are granted only insofar as they contemplate proceeding according to Fed.R. Civ.P. 26(b) (4); plaintiff's motion to compel discovery of information, exhibits, and expert witnesses of the defendant is granted in accordance with the above ruling; defendant's motion to compel discovery on oral deposition of all experts retained by the plaintiff is denied—defendant is ordered to proceed first by interrogatories. Appropriate orders may be submitted.