**Hilda HERBST and Aaron Fine**

v.

**INTERNATIONAL TELEPHONE & TELEGRAPH CORPORATION et al.**

**Civ. No. 15155.**

United States District Court,
D. Connecticut.

Jan. 8, 1975.

See also D.C., 65 F.R.D. 13.

James O'Connor Shea, New Haven, Conn., Sidney B. Silverman, New York City, for plaintiffs.

Joseph P. Cooney, Hartford, Conn., John Q. Tilson, William J. Egan, New Haven, Conn. (Samuel E. Gates, Robert L. King, New York City, of counsel), John H. Schafer, III, Washington, D. C., James A. Wade, Hartford, Conn. (Paul, Weiss, Rifkind, Wharton & Garrison, New York City, of counsel), for defendants.

## RULING ON MOTION TO COMPEL ORAL DEPOSITIONS

BLUMENFELD, District Judge.

*Creating yet another pretrial wrangle* in this dispute, the plaintiffs' counsel, Sidney Silverman, treated ITT's notices of the depositions of Marvin A. Chirelstein and Martin J. Whitman "as though they were never received." Silverman's position was and is that Chirelstein and Whitman are experts whom the plaintiffs expect to testify at trial and that as such the defendant may not require their depositions except by obtaining an order of this court. Fed.R.Civ.P. 26(b)(4)(A)(ii). Counsel for the defendant accordingly filed this motion.

Rule 26(b)(4) provides, in relevant part:

"(4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

"(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

" . . . .

"(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under [subdivision] (b)(4)(A)(ii) . . . of this rule; and (ii) with respect to discovery obtained under subdivision (b)(4)(A)(ii) of this rule the court may require . . . the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert."

Although the parties have not referred the court to particular information in the record, both sides assumed that the information allowed under subsection (b)(4)(A)(i) has already been provided. In addition, the plaintiffs' brief spells out the subject matter on which each expert is expected to testify and the substance of the opinions each is expected to give. Thus the issue is whether the court should now "order further discovery by other means" (depositions). Fed.R.Civ.P. 26(b)(4)(A)(ii).[1]

The language of the rule is not dispositive of this issue, delegating the question entirely to the discretion of the court.[2] The comments of the Advisory

---

[1]. The defendant also contends that neither Chirelstein nor Whitman has been qualified as an expert on the matters to which they are expected to testify and that they therefore should not be treated as experts but as ordinary witnesses, who are not subject to rule 26(b)(4) and may be freely deposed. This argument is specious. The proffers of testimony contain solely opinion evidence, which is admissible only if the witnesses can be qualified as experts. *See* C. McCormick, Handbook of the Law of Evidence §§ 10–13 (1954). It may be that they cannot be qualified, of course, but it is clear that they are to be expert witnesses if they are to be witnesses at all. Thus, unless they must now be qualified, Chirelstein and Whitman must be treated as experts for present purposes.

It is inappropriate to require that these witnesses be qualified as experts now. Such a requirement would raise a serious practical problem, of course, in that the court would have to hold a separate hearing on the issue of the qualifications of the witnesses; this would be wasteful of judicial resources. It is better to treat this issue the same way as other issues of the admissibility of evidence that arise at depositions are treated: "Evidence objected to shall be taken subject to the objections." Fed.R.Civ.P. 30(c). Thus Chirelstein and Whitman shall be treated as experts subject to the defendant's challenges to their qualifications; rule 26(b)(4) applies.

[2]. Reading the rule in context, it is possible to infer that discovery through the experts themselves is extraordinary (and, therefore, to be allowed only upon a showing of need) from the fact that, initially, inquiry allowed to be directed to a party is limited and to be followed by further discovery only upon motion and order of the court. Before the 1970 amendment that added subsection (b)(4), this requirement reflected the general rule. *See* 4 J. Moore, Federal Practice

Committee on the 1970 amendment to the Rules adding rule 26(b)(4) give some guidance on the exercise of this discretion, however:

"Past judicial restrictions on discovery of an adversary's expert, particularly as to his opinions, reflect the fear that one side will benefit unduly from the other's better preparation. The procedure established in subsection (b)(4)(A) holds the risk to a minimum. Discovery is limited to trial witnesses, and may be obtained only at a time when the parties know who their expert witnesses will be. A party must as a practical matter prepare his own case in advance of that time, for he can hardly hope to build his case out of his opponent's experts.

"Subdivision (b)(4)(A) provides for discovery of an expert who is to testify at the trial. A party can require one who intends to use the expert to state the substance of the testimony that the expert is expected to give. The court may order further discovery, and it has ample power to regulate its timing and scope and to prevent abuse. Ordinarily, the order for further discovery shall compensate the expert for his time, and may compensate the party who intends to use the expert for past expenses reasonably incurred in obtaining facts or opinions from the expert. Those provisions are likely to discourage abusive practices."

48 F.R.D. 504 (1970). Of the relevant reported cases which have arisen under rule 26(b)(4), one has limited discovery because an abusive practice was found. *See* Kozar v. Chesapeake & O. Ry., 320

F.Supp. 335, 375 (W.D.Mich.1970), aff'd in part, vacated and remanded in part on other grounds, 449 F.2d 1238 (6th Cir. 1971) (quoting Advisory Committee to the effect that rule 26(b)(4)(A) affords discovery only when the parties know who their expert witnesses will be; the court denied discovery to a party which had made it clear that it would not hire its experts until it had discovered the conclusions of its opponent's experts). Two cases have denied discovery of experts' written reports, importing rule 26(b)(3)'s requirement that substantial need be shown in order to compel discovery of "documents . . . prepared in anticipation of litigation or for trial." *See* Breedlove v. Beech Aircraft Corp., 57 F.R.D. 202, 204 (N.D.Miss.1972); Wilson v. Resnick, 51 F.R.D. 510 (E.D.Pa.1970). And one case (in which, as here, only a deposition of an expert was sought and no abuse appeared) has taken the position that rule 26(b)(4) "provides for quite liberal discovery of the opinions of experts," United States v. John R.–Piquette Corp., 52 F.R.D. 370, 371 (E.D. Mich.1971), tempering that liberality only by requiring that the two-step procedure of subsections (b)(4)(A)(i) and (b)(4)(A)(ii) (requiring interrogatories to the party employing the expert first) be followed.

■ This last, liberal view seems the better considered. All but experts may be freely deposed before trial in keeping with the liberal spirit that pervades the federal rules. Once the traditional problem of allowing one party to obtain the benefit of another's expert cheaply has been solved, there is no reason to treat

¶ 26.66[1] (Rel. No. 11–1970). However, such a rule was predicated mainly on the felt injustice of allowing a party to obtain the opinions for which an adverse party had paid the expert's fee simply upon payment of the standard witness fee. The new rules 26(b)(4)(A)(ii), (C) allow a court to remedy this injustice by providing that the discovering party pay the expert a reasonable fee for time spent responding to discovery

and that the court may order the parties to share the cost of the expert in fit proportion. And thus it is an equally persuasive inference from the text of the rule that further discovery of experts than permitted under subsection (b)(4)(A)(i) is to be allowed whenever the discovering party by its motion agrees to the court's allocation to it of some of the cost of the expert previously incurred by the party that hired him.

an expert differently than any other witness. Thus, the motion to compel oral depositions will be granted. If expenses have been incurred by the plaintiffs in obtaining these experts' opinions and the parties are unable to agree upon an allocation of these costs, the issue may be submitted to the court on affidavits following the depositions. Fed.R. Civ.P. 26(b)(4)(C)(ii). The defendants shall in addition pay these experts a reasonable fee for the time they spend in deposition. Fed.R.Civ.P. 26(b)(4)(C)(i). It is

So ordered.