**Jean M. DENNIS, Administratrix of the Estate of Bruce C. Dennis, Deceased**

v.

**BASF WYANDOTTE CORPORATION and APC Corporation.**

**Civ. A. No. 82–2188.**

United States District Court, E.D. Pennsylvania.

Oct. 27, 1983.

Gerry J. Woods, Iovine & Woods, Philadelphia, Pa., for plaintiff.

Donald J.P. Sweeney, Sweeney, Sheehan & Spencer, Philadelphia, Pa., for BASF Wyandotte Corp.

Michael Saltzburg, Bennett, Bricklin, Saltzburg & Fullem, Philadelphia, Pa., for APC Corp.

MEMORANDUM AND ORDER

VANARTSDALEN, District Judge.

Plaintiff's complaint alleges that plaintiff's decedent sustained fatal injuries as a

result of an accident on June 26, 1980. Plaintiff has alleged that decedent was killed as a result of falling through a defective fire vent sold or supplied by defendant APC Corporation (APC) to defendant BASF Wyandotte Corporation (BASF) and installed on the roof of BASF's building. APC has moved to compel the deposition of plaintiff's expert witness. APC's motion will be granted.

Plaintiff's complaint asserts counts in strict liability, warranty and negligence against APC. Plaintiff alleges that the fire vent, located on BASF's roof, was defective and the cause of decedent's death.

■ During the course of discovery, APC addressed interrogatories to plaintiff requesting that plaintiff identify all expert witnesses expected to be called at trial, the subject matter on which each was expected to testify and the substance of the facts and opinions to which each expert was expected to testify.

Plaintiff filed answers to those interrogatories and identified J. Brooks Semple, P.E., as plaintiff's sole expert on liability. Mr. Semple's specialty was listed as "[f]ire protection engineer and consultant." The subject matter of his testimony was expected to be "fire vents." The substance of facts and opinions to which he was expected to testify was "design, location, manufacturing, and warning details of the APC Dayliter and also product option availability regarding fire vents in general." A one-page summary of Mr. Semple's background was attached.

In response to defendant BASF's interrogatories, plaintiff included the following answer to an inquiry as to opinions reached by each expert:

1. The SMPV Dayliter through which plaintiff's decedent fell was unreasonably dangerous.

2. The same Dayliter was negligently manufactured and designed by defendant APC Corporation.

3. The same Dayliter was not fit for the ordinary purpose for which such goods are used.

4. The subject Dayliter was not fit to be used as a roof fire vent.

APC contends that plaintiff's answers do not adequately advise it of the factual basis for the opinions that plaintiff's counsel intends to elicit from Mr. Semple at trial. APC therefore moved, pursuant to the Federal Rules, to compel Mr. Semple's deposition.

As with most discovery problems, the starting point is the applicable Federal Rule of Civil Procedure. Rule 26(b)(4) provides in relevant part:

(4) *Trial preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

Fed.R.Civ.P. 26(b)(4). Rule 26(b)(4) expressly states that facts known and opinions held by experts *acquired or developed in anticipation of litigation or for trial* may only be obtained in accordance with Rule 26(b)(4)(A)(i) & (4)(A)(ii) if the expert is one whom the other side expects to call. It is clear that Mr. Semple is an expert expected to be called at trial who has knowledge of facts and holds opinions and that these facts and opinions were acquired or developed expressly for trial. Mr. Semple has been retained solely for that purpose. As such he is only subject to the discovery provided for by the rule.

Undoubtedly, defendant APC is entitled to discover through interrogatories the identity of each expert expected to be called, the subject matter on which each is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. *See* Fed.R. Civ.P. 26(b)(4)(A)(i). It is also unquestionably counsel's right to move the court to order further discovery by other means. *See* Fed.R.Civ.P. 26(b)(4)(A)(ii). Counsel has done so.

Rule 26(b)(4) was adopted in its present form in 1970 in part to respond to the disagreements that existed in the courts on the extent to which discovery of expert information was permissible. The controversy was resolved in favor of much more liberal discovery than was previously permissible. *See Grinnell Corp. v. Hackett,* 70 F.R.D. 326, 333 (D.R.I.1976). This liberal reading of Rule 26 is entirely consistent with the Supreme Court's position that the deposition-discovery rules are to be given a broad and liberal treatment and should enable the parties to obtain the fullest possible knowledge of the issues and facts before trial. *See Hickman v. Taylor,* 329 U.S. 495, 501 & 507, 67 S.Ct. 385, 388 & 391, 91 L.Ed. 451 (1947).

▆ While some courts still require the showing of substantial need before an expert's deposition is allowed, *see Breedlove v. Beech Aircraft Corp.,* 57 F.R.D. 202, 204 (N.D.Miss.1972); *Wilson v. Resnick,* 51 F.R.D. 510 (E.D.Pa.1970), the rule itself provides that a party may serve interrogatories pursuant to Rule 26(b)(4)(A)(i) and may request the court to compel further discovery (including depositions). Fed.R.

Civ.P. 26(b)(4)(A)(ii). *See also Herbst v. International Telephone & Telegraph Corp.,* 65 F.R.D. 528, 530 (D.Conn.1975); *United States v. John R. Piquette Corp.,* 52 F.R.D. 370, 371 (E.D.Mich.1971).[1]

Rule 26(b)(4)(A)(ii) expressly provides for further discovery by other means (including depositions) upon allowance by the court. The testimony of one or more experts specially retained by plaintiff for purposes of the litigation is the normal method by which an injured user of a product establishes the liability of the supplier of the product. In many cases, liability can be established only through expert witness testimony. In the present case decedent fell through a fire vent. There are no known eyewitnesses to the event. Whether the vent was defective can only be established through expert testimony in this case. At the trial, it is certainly a reasonable prospect that the case will be resolved by the jury either accepting or rejecting plaintiff's proffered expert witness's opinions.

In this case the right to depose the expert witness is at least equal to the right of a litigant to depose an eyewitness to an intersectional traffic accident where injured parties are involved in litigation. By deposing the expert witness, trial counsel can far better assess the value of the case. A deposition should improve the prospects of an amicable settlement, or if settlement is not reached, a greater likelihood of a fair trial with all the relevant facts presented to a jury for its ultimate decision. It avoids trial by surprise. It further reduces the possibility that an expert witness may alter or amend his generalized opinion to fit the evidence presented at trial.[2] Finally, tak-

---

1. Both *Herbst* and *John R. Piquette Corp.* interpreted Rule 26(b)(4) such that before the court would order an expert to be deposed, written interrogatories first had to be served. *Herbst,* 65 F.R.D. at 530; *John R. Piquette Corp.,* 52 F.R.D. at 372. Read literally, the rule does not require that written interrogatories must first be propounded before a party may move the court for further discovery. *See* Fed.R.Civ.P. 26(b)(4). Therefore, I express no opinion as to whether such written interrogatories will be required in every case.

2. This is not to suggest that such would be likely to occur in this case or to in any way impugn the integrity of any party, counsel or witness. However, not infrequently, during a products liability trial, counsel for one of the parties will assert that an expert has changed his opinion from that expressed during discovery, and seek to exclude or strike portions of testimony. A pretrial deposition at least reduces the probability of such trial problems.

ing the oral deposition of plaintiff's expert witness can in no way prejudice plaintiff's case.

The language of Rule 26 suggests that experts hired solely to testify at trial are entitled to no greater protection than any other witness, once the problem of allowing an adversary to receive the benefit of another's expert without cost to the adversary is resolved. *See Herbst,* 65 F.R.D. at 530–31. That is easily solved by requiring the defendant APC to pay the expert a reasonable fee for his services.[3]

The facts of this case are similar to *Worley v. Massey Ferguson, Inc.,* 79 F.R.D. 534 (N.D.Miss.1978). There the magistrate ordered oral deposition of an expert because answers to interrogatories were inadequate. *Id.* at 539. While I have opined that substantial need or prejudice does not have to be shown before the deposition of an expert will be allowed, the taking of such deposition is particularly appropriate where the expert witness's interrogatories are answered with very general and conclusory opinions, and the written report is not detailed.

---

**3.** Rule 26(b)(4)(A)(ii) provides the solution by allowing the court to require the party seeking discovery to pay the expert a reasonable fee for his time under Fed.R.Civ.P. 26(b)(4)(C)(i).