**NEC AMERICA, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 83–6–00799S.**

United States Court of
International Trade.

May 2, 1986.

Glad & Ferguson (Edward N. Glad, on the motion), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, International Trade Field Office (Saul Davis, on the motion), for defendant.

### Memorandum Opinion and Order

RE, Chief Judge:

The question presented in this case pertains to the proper classification, for customs duty purposes, of certain merchandise imported from Japan, and described on the Customs invoice as "paging receivers."

The merchandise was classified by the Customs Service as "other solid-state (tubeless) radio receivers" under item 685.24 of the Tariff Schedules of the United States (TSUS). Consequently, the merchandise was assessed with duty at a rate of 8.8 per centum ad valorem.

Plaintiff protests this classification and contends that the merchandise is properly classifiable under item 685.70, TSUS, as "indicator panels or other sound or visual signalling apparatus," dutiable at a rate of 3.5 per centum ad valorem.

Pursuant to Rule 37 of the Rules of this Court, defendant has moved for an order compelling discovery. Specifically, defend-ant requests that plaintiff be ordered to provide responses to defendant's interrogatories, and to produce certain documents. Defendant also requests that it be permitted to depose plaintiff's expert witnesses.

Plaintiff opposes defendant's motion. Plaintiff contends that it has "satisfactorily and adequately" answered defendant's interrogatories. In addition, plaintiff states that the documents which defendant has requested need not be produced because none of the requested documents are under plaintiff's control. Finally, plaintiff opposes the deposition of its three expert witnesses because "to permit defendant to depose plaintiff's witnesses would unduly delay the trial of this case and would place undue expenses on plaintiff."

At the outset, it is helpful to note that the imported merchandise in this case is identical in every respect to the merchandise at issue in *NEC America, Inc. v. United States*, 8 CIT 184, 596 F.Supp. 466 (1984), *aff'd*, 760 F.2d 1295 (Fed.Cir.1985). Hence, both parties have the benefit of a prior judicial decision which deals with identical merchandise, and the same provisions of the TSUS.

In *NEC America, Inc., v. United States*, this court considered the issues presented in this case, and held that the presumption of correctness that attaches to the government's classification had not been overcome. Hence, the paging receivers were held to be properly classified as "other solid-state (tubeless) radio receivers," under item 685.24, TSUS. *See* 596 F.Supp. at 472. Upon appeal to the United States Court of Appeals for the Federal Circuit, the appellate court affirmed on the basis of this court's decision. 760 F.2d 1295 (Fed. Cir.1985).

In its memorandum in opposition to defendant's motion, plaintiff states that the present action "is a retrial brought on by plaintiff only because plaintiff feels that the trial court erred in the first [NEC] case...." It is well-established that, in customs classification cases, "a determination of fact or law with respect to one importation is not *res judicata* as to anoth-

er importation of the same merchandise by the same parties." *Schott Optical Glass, Inc. v. United States,* 750 F.2d 62, 64 (Fed. Cir.), *rev'g,* 587 F.Supp. 69 (Ct. Int'l Trade 1984); *see United States v. Stone & Downer Co.,* 274 U.S. 225, 47 S.Ct. 616, 71 L.Ed. 1013 (1927).

Defendant contends that plaintiff has failed to answer adequately a number of questions contained in defendant's interrogatories. Rule 33 of the Rules of this Court governs the availability and scope of written interrogatories. Rule 33 requires that

[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objections shall be stated in lieu of answer.

Rule 37 allows a party, upon reasonable notice to the other parties, to apply for an order compelling discovery if a party fails to answer an interrogatory submitted under Rule 33. For the purposes of a Rule 37 motion, "an evasive or incomplete answer is to be treated as a failure to answer." U.S.C.I.T. R. 37(a)(2).

■ It is well established that "interrogatories shall be answered directly and without evasion." 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2177, at 559 (1970 & Supp.1985). An answer to an interrogatory must be responsive and complete in itself, and should not refer to the pleadings, depositions, documents, or other interrogatories. *See, e.g., International Mining Co. v. Allen & Co.,* 567 F.Supp. 777, 787 (S.D.N.Y.1983); *J.J. Delaney Carpet Co. v. Forrest Mills, Inc.,* 34 F.R.D. 152, 153 (S.D.N.Y.1963); 4A J. Moore, *Moore's Federal Practice* ¶ 33.25[1] (1983).

Defendant has identified several questions which it claims that plaintiff has failed to answer. Ultimately, of course, the Court decides whether plaintiff has satisfactorily and adequately answered an interrogatory. *See Martin v. Easton Publishing Co.,* 85 F.R.D. 312, 316 (E.D.Pa. 1980).

■ An examination of the answers that plaintiff has provided shows that, in almost every instance, plaintiff answered by referring defendant either to the testimony or the exhibits of the first *NEC America* case. Defendant objects to several answers which merely give a general reference to the prior testimony of plaintiff's witness, Michael J. McLaughlin. Defendant states that, although it has reviewed the record, it was nonetheless "unable to ascertain the precise factual basis [for plaintiff's answers]." Since the answers which refer solely to prior testimony are unresponsive, they must, for the purposes of a Rule 37 motion, be treated as a failure to answer. Hence, the Court properly may order plaintiff to provide answers that specifically state or quote the portion of the record upon which plaintiff relies for its answers.

Defendant has also asked plaintiff to provide information pertaining to the identity and expected testimony of plaintiff's expert witnesses. This information is governed by Rule 26(b)(4), which provides that:

(A)(*i*) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

U.S.C.I.T. R. 26(b)(4)(A)(*i*).

Plaintiff has identified three witnesses whom it expects to call at trial. It has also given the subject matter on which each expert is expected to testify, and the opinions of these experts. In essence, the witnesses will testify that, to fall within the common meaning of a solid-state (tubeless) radio receiver, the imported product must have a tuner and an audio amplifier.

■ Plaintiff, however, has not provided a summary of the grounds for each opinion. Accordingly, as required by the Rules of this Court, plaintiff is directed to give an

appropriate summary of the grounds for each witness's opinion.

■ In defendant's second set of interrogatories, plaintiff was asked to provide information pertaining to the background of its experts. This information may be useful in cross-examination, and is discoverable under Rule 26, since it is considered relevant to the expert's qualifications and identity. *See e.g., Clark v. General Motors Corp.,* 20 F.R. Serv. 2d 679, 683–84 (D.Mass.1975); *United States v. IBM Corp.,* 66 F.R.D. 215, 218–19 (S.D.N. Y.1974). Plaintiff objects to this request, and asserts that the information is "a matter of public record." However, the fact that the requested information may be in the public domain does not automatically render the interrogatories objectionable. *See Rogers v. Tri-State Materials Corp.,* 51 F.R.D. 234, 245 (N.D.W.Va.1970). It is likely that plaintiff has a current *curriculum vitae* and list of published writings for each of its witnesses, or can easily obtain them. Surely, then, it is a minimal burden for plaintiff to provide the requested information. Accordingly, plaintiff is directed to provide defendant with the complete professional background of its expert witnesses, as well as a list of all publications that they have authored or co-authored which pertain to pagers or radio receivers.

Defendant also contends that it should be permitted, under Rule 26(b)(4)(A)(*ii*), to depose plaintiff's expert witnesses regarding opinions held and facts known and obtained in anticipation of litigation. That Rule permits the court, upon motion, after interrogatories have been served pursuant to Rule 26(b)(4)(A)(*i*), to order "further discovery by other means." U.S.C.I.T. R. 26(b)(4)(A)(*ii*).

■ Plaintiff has identified three witnesses that it will call at trial: Michael J. McLaughlin, Arthur F. Peters, and Rudolf F. Graf. Mr. McLaughlin, who testified at the first trial, is an employee of plaintiff and, therefore, is not subject to the protection of Rule 26(b)(4)(A). *See, e.g., Kansas-Nebraska Natural Gas Co. v. Marathon Oil Co.,* 109 F.R.D. 12, 15 (D.Neb.1985); *Virginia Electric & Power Co. v. Sun Shipbuilding & Drydock Co.,* 68 F.R.D. 397, 406 (E.D.Va.1975).

■ Rule 26 permits the court, upon motion, to order further discovery of experts to be called at trial, as the court may deem appropriate. Hence, it is within the sound discretion of the Court to allow defendant to depose plaintiff's experts. *See, e.g., Herbst v. ITT Corp.,* 65 F.R.D. 528, 530–31 (D.Conn.1975); *United States v. John R.-Piquette Corp.,* 52 F.R.D. 370, 371–72 (E.D.Mich.1971). Plaintiff's chief objection to allowing the deposition of either Mr. Peters or Mr. Graf, is that "defendant is not willing to pay the full expert witness fee." The Rules of this Court, however, provide that unless manifest injustice will result, "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery...." U.S.C.I.T. R. 26(b)(4)(C). Defendant, in its proposed order, has indicated that it will pay the experts the equivalent of the fee that plaintiff has agreed to pay them. Hence, plaintiff has not shown a persuasive or appropriate reason why defendant's motion should not be granted. Accordingly, the Court orders that defendant shall be permitted to depose plaintiff's experts and shall be required to pay the experts a reasonable fee for time spent responding to discovery.

■ Finally, defendant requests plaintiff to identify each present or former employee of plaintiff who was involved or participated in the preparation of papers or testimony given by plaintiff's parent corporation, Nippon Electric Co., Ltd., during the International Trade Commission's investigation of "High Capacity Pagers from Japan." The defendant's purpose for this request is to ascertain whether statements made before the agency are admissible under Rule 801(d) of the Federal Rules of Evidence, as admissions of a party. *See United States v. McKeon,* 738 F.2d 26, 31–33 (2d Cir.1984). Plaintiff responded that the information was in the public

record. Although this may be true with respect to the identity of persons who gave testimony, it is not true as to persons who were involved with the preparation of the papers submitted to the agency. The Court, therefore, orders plaintiff to provide the requested information.

The Court has considered defendant's remaining requests, and finds them either without merit or satisfied by plaintiff's memorandum. Therefore, upon reading and filing defendant's motion to compel responses to defendant's interrogatories, defendant's request for production of documents, and for depositions of plaintiff's experts; plaintiff's memorandum in opposition to defendant's motion; upon all other papers; and after due deliberation, it is hereby

ORDERED that, within 30 days of the date of entry of this Order, plaintiff shall supplement its responses to defendant's interrogatories as follows:

1. Plaintiff shall specify the reasons for plaintiff's contention that the pagers respond only to a digital signal;

2. Plaintiff shall detail with specificity the function of each component of the imported merchandise;

3. Plaintiff shall provide a summary of the grounds of each opinion of the expert witnesses that plaintiff intends to call at trial;

4. Plaintiff shall provide the complete professional background of its expert witnesses, and shall provide a list of any published writings that they have authored or co-authored which pertain to pagers, radio receivers, or other devices that perform the functions of selectivity, detection, and amplification of radio waves;

5. Plaintiff shall identify each present or former employee of plaintiff who was involved in the preparation of papers filed, submissions made, and testimony given by Nippon Electric Co., Ltd. (NEC), during the International Trade Commission's investigation of "High Capacity Pagers From Japan," Investigation No. 731–TA–102; it is further

ORDERED that defendant shall be permitted to depose plaintiff's witnesses in all matters relevant to this case, in accordance with Rule 30 of the Rules of this Court; it is further

ORDERED that plaintiff shall provide defendant within 30 days of the date of this Order with a copy of its fee arrangements with Mr. Peters and Mr. Graf; and it is further

ORDERED that, upon receipt of appropriate bills from Mr. Peters and Mr. Graf, after their depositions, defendant's counsel expeditiously shall process those bills with the United States Department of Justice, Washington, D.C., for payment to the named deponents.

So ordered.