**Ralph DRAPER, Individually and as Administrator of the Estate of Debra Lou Draper, Deceased, Plaintiff,**

v.

**RED DEVIL, INC., Defendant.**

No. LR–C–86–211.

United States District Court,
E.D. Arkansas, W.D.

Jan. 30, 1987.

Bud Whetstone & Hügh Crisp, Whetstone & Whetstone, Little Rock, Ark., for plaintiff.

James M. Simpson, Friday Firm, Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

JOHN F. FORSTER, Jr., United States Magistrate.

At issue before the Magistrate is the reasonableness of the fees, costs and expenses charged by Dr. Eugene Klingler (an electrical engineer for the Plaintiff) relating to his deposition.

In this products liability case counsel for the Plaintiff consulted Dr. Eugene Klingler of Bloomfield Hills, Michigan, an electrical engineer, with regard to the defects *vel non* of a paint shaker manufactured and distributed by the Defendant. Evidence produced at a hearing on January 7, 1987 showed that Dr. Klingler traveled to Little Rock on April 4, 1986 to inspect the paint plant where the fatality of Plaintiff's decedent occurred. (The record is silent as to whether or not Dr. Klingler examined the paint shaker manufactured by Defendant on this occasion.) Dr. Klingler billed his time for the April, 1986 trip at $110.00 per hour, and his mileage (whenever his personal car was used) at 57¢ per mile. Out-of-pocket expenses were billed dollar for dollar.

On October 23, 1986, Dr. Klingler again traveled to Little Rock by airline to give his deposition, taken at the behest of the Defendant. This time Dr. Klingler charged $120.00 hourly for his services, and although the deposition lasted 2 hours and 34 minutes, it was billed at the expert's announced "½ day minimum for depositions". Following the deposition Defendant's counsel received what he deemed to be an exorbitant statement for $2,170.22, set forth below:

FOR PROFESSIONAL SERVICES RENDERED AS FOLLOWS:
RE: DRAPER VS. RED DEVIL PAINT, ET AL.

| | | |
|---|---|---|
| 10/22/86 | Leave for airport<br>5:30 p.m. to 9:25 p.m.<br>4 hrs. | $ 480.00 |
| | Travel to hotel from airport<br>in Little Rock, Arkansas<br>.4 hr. | 48.00 |
| | Deposition charge | 480.00 |
| | Return flight to Bloomfield Hills, Mi<br>including travel<br>4.5 hrs. | 540.00 |

PLUS EXPENSES AS FOLLOWS:

| | |
|---|---|
| Hotel reservations & meals | 62.49 |
| Taxi (2 round trips inc. tips) | 18.00 |
| Airfare | 501.00 |
| Mileage to airport: 64 mi @ .57/mi | 36.48 |
| Parking | 4.25 |

PLEASE REMIT TO:          $2,170.22

EUGENE KLINGLER INCORPORATED

5045 Charing Cross Road
Bloomfield Hills, Michigan 48013

38–2209268

An exchange of correspondence followed defense counsel's balk at the statement, and the January 7, 1987 hearing resulted.

Following the hearing, defense counsel did as the Magistrate suggested and immediately tendered to the Plaintiff's counsel (for Dr. Klingler) the portion of the charges not being challenged, viz., the sum of $1,419.84. Thus, $750.38 remains in question.

Rule 26(b)(4)(C) is applicable to the instant situation in providing for the payment of "a reasonable fee" to an expert whom a party expects to call at trial, and who has expended effort in responding to the opposition's discovery. See *Dennis v. BASF Wyandotte Corp.*, 101 F.R.D. 301 (D.C.Pa.1983).

The reasonableness of the fees and costs imposed by an expert against an opponent at litigation are an appropriate subject of inquiry for a magistrate or a district

judge. See Judge Selya's light and enlightening opinion in *Anthony v. Abbott Laboratories,* 106 F.R.D. 461 (D.C.R.I.1985).

Other than the thoroughly enjoyable opinion just cited, there is scant authority on the subject. "Reasonableness" is the touchstone. By analogy, reasonable attorneys' fees in civil rights cases awarded under 42 U.S.C. § 1988 are calculated according to the prevailing market rates in the relevant community. Cf. *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 955 (1st Cir.1984).

■ Turning to the facts and charges at issue, there is no proof as to the rates charged by consulting electrical engineers in the Arkansas engineering community.[1] The Magistrate therefore accepts the expert's $110.00 per hour as reasonable. Not so the unexplained surcharge, however. In the absence of proof as to the reason(s) why the expert charged counsel for the Plaintiff $110.00 and counsel for the defense $120.00 hourly, the fee will be determined at the rate of $110.00 per hour.

Counsel have both provided the Magistrate with letter briefs urging their points of view on the various charges of the expert. The Magistrate has considered the briefs, exhibits and comments of counsel in reaching a decision.

The mileage driven by the expert will be reimbursed at the rate of 30¢ per mile. Frankly, but for defense counsel's voluntary choice of that figure, the Magistrate would have allowed the mileage rate paid by the Federal government, viz., 20.5¢ per mile.[2] At 30¢ per mile the total payable is $19.20 for sixty-four miles.

Out-of-pocket expenses totalling $585.74 are to be reimbursed dollar for dollar.

The Magistrate accepts Dr. Klingler's minimum ½ day charge for depositions. The deposition is thus payable at $440.00.

Travel time is to be compensated at $55.00 per hour (½ time), yielding a sum owed of $467.50.

IT IS HEREBY ORDERED that Defendant shall pay to the Plaintiff's expert the sum of $1,512.44, with the Defendant to receive credit for the $1,419.84 previously tendered at the Magistrate's request.

---

1. There are 6,639 engineers licensed by the Arkansas Board of Registration for professional Engineers and Land Surveyors. Consultant fees average $300.00 per day, or $75.00 per hour preparatory to litigation, with fees ranging slightly higher if the problem is unique or the expert renowned. Travel time *per se* is not billed, only the expenses of travel.

2. The Internal Revenue Service allows 21¢ per mile to be deducted as a legitimate business expense for the first 15,000 miles driven, and 11¢ per mile for miles driven thereafter.