Marjorie M. PHILLIPS, individually and Marjorie M. Phillips, as Executrix of the Estate of Jack L. Phillips, Deceased; Avanell Overdorf and James A. Overdorf, her husband; and Pauline Buckvich, Plaintiffs,

v.

MIDWESTERN DISTRIBUTION, INC., a corporation; Leaseway Transportation, a corporation; George McCune; Freight Liner Corporation, a corporation; Hobbs Trailers, a corporation; and Freuhauf Corporation, a corporation, Defendants,

v.

Lee Ann LAZAR, Third–Party Defendant.

Civ. A. No. 88–0123.

United States District Court, W.D. Pennsylvania.

Aug. 3, 1990.

Daniel M. Berger, Pittsburgh, Pa., for plaintiffs.

Richard J. Mills, Dennis St. J. Mulvihill, C.S. Fossee, Bernard J. McAuley, Pittsburgh, Pa., for defendants and third-party defendant.

MEMORANDUM OPINION AND
ORDER OF COURT

LEE, District Judge.

Defendants Midwestern Distribution, Leaseway Transportation and George McCune, filed a motion requesting an extension of discovery and permission to depose the plaintiffs' experts, pursuant to Fed.R.Civ.P. 26(b)(4)(A)(ii).

On or about March 5, 1990, Defendants, Fruehauf and Hobbs Trailers filed a Motion

to Reopen Discovery for the purpose of deposing the expert from Midwestern Distribution with regard to single allegation against Fruehauf. This motion was denied on March 29, 1990 by Judge Diamond. Fruehauf and Hobbs then filed a Motion for Reconsideration to " ... permit the deposition of Midwestern's expert," which was granted by Judge Diamond in June of 1990 and discovery was extended to July 5, 1990.

Fruehauf and Hobbs had difficulties scheduling the deposition of the expert, and on July 2, 1990, they sought another extension of the discovery, specifically for the purpose of deposing Midwestern's expert. We granted the aforesaid motion and extended discovery to July 31, 1990. Despite the extensions, Midwestern, Leaseway, and McCune did not indicate any intention to depose plaintiffs' experts until July 20, 1990.

Six months prior to Midwestern's Motion, Plaintiffs had filed their Pretrial Narratives which included three expert reports pertaining to the liability in this action. According to plaintiffs, the expert reports totaled forty-six (46) pages including diagrams, charts, extensive discussion of the experts' findings, and set forth the experts' conclusions in great detail and without ambiguity. Plaintiffs also claim that they have answered the defendants Interrogatories describing the basis of their liability claim.[1]

In their Motion, Midwestern, Leaseway and McCune, set forth no basis nor do they provide an explanation for seeking such depositions. In *Dennis v. BASF Wyandotte Corp.* 101 F.R.D. 301 (E.D.Pa.1983), the defendant contended that plaintiff's answers to Interrogatories requesting identification of experts expected to testify, subject matter of expected testimony, and substance of the facts and opinions to which expert was expected to testify, did not adequately advise defendant of the factual basis for the opinions plaintiff's counsel intended to elicit from the expert at the trial. The court indicated that Rule 26 should be read liberally to be consistent with the Supreme Court's position that the deposition-discovery rules are to be given a broad and liberal treatment and should enable the parties to obtain the fullest possible knowledge of the issues and facts before trial. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

The Court in *Dennis* found that the expert testimony in the case constituted a significant portion of the proof, there being no eyewitnesses to the to the event causing injury. As such, it was found to be appropriate to allow the taking of the expert's deposition, notwithstanding a showing of substantial need or prejudice, since the expert witness's interrogatories were answered with very general and conclusory opinions, and the written report of such expert was not detailed.

Midwestern, Leaseway and McCune do not contend that the expert reports furnished to them were inadequate, nor do they make any reference to the adequacy of plaintiffs' answers to their Interrogatories. The underlying action in *Dennis* was product liability and in such cases liability can only be established through expert witness testimony. Here the case involves a collision between a tractor trailer and an automobile. It has not been established that the expert testimony will constitute a significant amount of the proof of liability at trial.

The court has discretion under Rule 26 to order additional discovery as to experts, and can require the party requesting such discovery to pay the expense of such.[2] However, because discovery has been technically closed since December 30, 1989, and defendants have been furnished with detailed expert reports from the plaintiffs, the Court can find no justification in granting their request for additional discovery time.

An appropriate Order shall be entered.

---

1. Though plaintiffs do not claim that the Interrogatories answered were those pertaining to trial preparation experts under the applicable Fed.R.Civ.P. 26(b)(4)(A)(i).

2. Fed.R.Civ.P. 26(b)(4)(A)(ii) and Fed.R.Civ.P. 26(b)(4)(C).

**38**

## ORDER OF COURT

AND NOW, to-wit, this 3rd day of August, 1990, upon consideration of the Motion to Permit Discovery filed by defendants, Midwestern Distribution, Inc., Leaseway Transportation and George McCune,

IT IS HEREBY ORDERED that the Motion is denied;

IT IS FURTHER ORDERED that plaintiffs' Motion for Attorneys' Fees is denied.