■ EDWARD BROSSOIT, Respondent-Appellant, v MARY T. O'BRIEN et al., Appellants-Respondents. (Action No. 1.) MILFORD A. BROSSOIT, as Executor of SHELLY J. BROSSOIT, Deceased, Respondent-Appellant, v MARY T. O'BRIEN et al., Appellants-Respondents. (Action No. 2.)—Mercure, J. Cross appeals from two orders of the Supreme Court (Duskas, J.), entered November 27, 1989 in St. Lawrence County, which, *inter alia,* partially granted plaintiffs' motions in action Nos. 1 and 2 to compel defendants to comply with plaintiffs' discovery demands.

These actions arise out of a July 1988 accident in which an automobile operated by defendant Mary T. O'Brien struck Shelly Brossoit and plaintiff Edward Brossoit, her son. Plaintiffs made separate motions to compel defendants' compliance with items Nos. 5 through 8 of a September 21, 1989 notice to produce: (5) evidence of any motor vehicle accidents which

O'Brien was involved in during the five-year period preceding the accident; (6) a copy of O'Brien's driver's license, including the conviction stub; (7) O'Brien's date of birth and social security number; and (8) copies of all written statements or transcriptions of any recorded statements given by O'Brien to any person prior to the commencement of the actions. Defendants opposed the motions, asserting that the material sought in items Nos. 5 through 7 was irrelevant and, regarding item No. 8, that written statements by O'Brien to her insurer prior to the commencement of the action were privileged. Defendants also cross-moved for an order compelling plaintiffs to comply with a demand for information concerning expert witnesses, alleging that plaintiffs' responses failed to set forth the experts' qualifications, the facts on which the experts were to testify and the grounds for the experts' opinions, and stated the subject matter of the experts' testimony in only general terms *(see,* CPLR 3101 [d] [1] [i] ). Supreme Court denied the motions and cross motion except to the extent of ordering defendants to produce a copy of O'Brien's driver's license, but not the conviction stub thereof, and ordering plaintiffs to produce a more complete statement of the qualifications of their economist. Plaintiffs and defendants each appeal.

Although we recognize that a trial court has broad discretion to supervise disclosure *(see, Citizens Fid. Bank & Trust Co. v Coulston Intl. Corp.,* 160 AD2d 1110; *Randall Elec. v State of New York,* 150 AD2d 875, 876), we disagree with Supreme Court's determination with regard to plaintiffs' demand for written statements by O'Brien to her insurer. O'Brien, as the party opposing discovery, had the burden of demonstrating that the material sought to be disclosed is indeed exempt *(see, Pinkans v Hulett,* 156 AD2d 877, 878). Her attorney's broad and conclusory assertion, without more, that the material is privileged does not satisfy that burden *(see, supra; Merrick v Niagara Mohawk Power Corp.,* 144 AD2d 878, 879).* Accordingly, that portion of plaintiffs' motion should have been granted. We find no error, however, in Supreme Court's conclusion that evidence of O'Brien's prior driving record is irrelevant.

Turning to defendants' appeal, we agree that plaintiffs did not adequately comply with CPLR 3101 (d) (1) (i) in merely disclosing their economist's opinion of the value of Shelly Brossoit's lost services. The statute's requirement that a party disclose "the substance of the facts and opinions on which each expert is expected to testify * * * and a summary of the grounds for [his] opinion" *(ibid.)* will not be satisfied with a

mere statement of the ultimate conclusion reached *(see, NEC Am. v United States,* 636 F Supp 476, 479-480). In our view, defendants are entitled to a statement as to what services were considered in the estimate, how the alleged losses were computed and the manner in which the losses were converted to present value. The balance of the information supplied to defendants adequately satisfies the requirements of CPLR 3101 (d) (1) (i).

Orders modified, on the law, without costs, by directing defendants to produce all written reports or statements made by defendant Mary T. O'Brien to defendants' insurer and by directing plaintiffs to state the grounds for Kenneth Reagles' opinion as to lost services, including a statement of the services considered, how the losses were computed and the manner in which the losses were converted to present value, and, as so modified, affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.