■ VICTORIA LAFONTANT, Respondent, v HOLLYMATIC CORP., Defendant and Third-Party Plaintiff-Respondent. WILTON CATERERS, INC., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries sounding in negligence and strict products liability, the third-party defendant Wilton Caterers, Inc., appeals from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated June 13, 1990, as denied its cross motion to (1) dismiss the third-party complaint of the defendant third-party plaintiff Hollymatic Corp. for willful failure to disclose, or, in the alternative, directing such disclosure, and (2) preclude the plaintiff from offering certain evidence, or, in the alternative, compel the plaintiff to make a more detailed response to a demand for expert information.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion to the extent of (1) directing the plaintiff to serve a further response to the appellant's demand for expert information, and (2) directing the defendant third-party plaintiff Hollymatic Corp. to serve a response to the appellant's demand for expert information, within 30 days after the plaintiff's service of its further response noted above, and denying the cross motion in all other respects; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the plaintiff's time to serve her further response is extended until 30 days after service upon the plaintiff's attorneys of a copy of this decision and order, and Hollymatic Corp.'s time to serve its response is extended until 30 days after the plaintiff's service of her further response upon it.

The third-party defendant served a demand for expert information dated June 13, 1989 *(see,* CPLR 3101 [d] [1] [i]). This demand was served on both the plaintiff and on the defendant third-party plaintiff Hollymatic Corp. The plaintiff served a response which both the appellant and Hollymatic Corp. claim is inadequate. Hollymatic Corp. served no response at all, but submitted proof that its expert could not render a "meaningful" opinion in the absence of more information from the plaintiff. On appeal, Hollymatic Corp. has agreed to serve a response "once the plaintiff articulates the basis for [her] claims".

We agree with both the appellant and Hollymatic Corp. that the plaintiff's response did not go into "reasonable detail" either with respect to the "substance of the facts and opinions" to which her expert is expected to testify, or with respect to "a summary of the grounds" for the expert's opinion (CPLR 3101 [d] [1] [i]; *see also, Parsons v City of New York,* 175 AD2d 783; *Brossoit v O'Brien,* 169 AD2d 1019). Under the particular facts of this case, we believe that the plaintiff should be required to furnish a further response before Hollymatic Corp. is required to furnish its response to the appellant's demand.

To the extent that the appellant's cross motion sought additional relief, it was properly denied. Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.