DECISION
This matter is before the Court, after hearing, on Debra Hooper's Motion to Order Payment of Expert's Fee in the amount of $3,700. Ms. Hooper seeks this payment to satisfy a bill from her expert, Dr. Robert Kershner, to attend a deposition taken by defendants' counsel. Dr. Koslow and Kent County Memorial Hospital, Inc. object on the basis that this amount is unreasonably excessive. Neither party submitted any evidence to the Court to establish the reasonableness or unreasonableness of this fee.
This medical malpractice action stems from Ms. Hooper's visit to Kent County Hospital on November 10, 2001. In her Complaint filed August 6, 2004, Ms. Hooper alleges Dr. Koslow's and Kent County Memorial Hospital's failure to provide an eye pressure test and a consultation with an ophthalmologist caused permanent loss of her left eye. Ms. Hooper additionally claimed that the defendants discriminated against her as a handicapped person on the basis that she was not entitled to the same standard of care as a non-handicapped person. Ms. Hooper displayed symptoms of acute angle glaucoma, and she alleges defendants denied her medical care on the *Page 2 
discriminatory assumption that it was a "bad eye" already. Ms. Hooper claims she experienced horrendous pain and suffering from the explosive pressure building in her eye, the attempt of saving it, and the painful process of inserting a replacement eye.
Ms. Hooper is now seeking reimbursement of expert fees from Dr. Koslow and Kent County Memorial Hospital. Super. R. Civ. P. Rule 26 provides, in pertinent part, that:
 [a] party may depose any person who has been identified as an expert expected to testify when the expert interrogatory has been responded to by the other party. Unless otherwise ordered by the court, the party seeking to depose the expert shall pay the expert the reasonable fee for the time spent attending the deposition and the reasonable expenses incurred in attending the deposition. Super. R. Civ. P. 26(b)(4)(A).
Super. R. Civ. P. Rule 26(b)(4)(C) additionally provides, in relevant part, that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." Because Rhode Island law is sparse; and this rule is substantially similar to the corresponding federal rule, this Court looks to cases interpreting that rule for guidance.[1] See CroweCountryside Realty Associates, Co., LLC v. Novare Engineers, Inc.,891 A.2d 838, 840-41 (R.I. 2006) ("Because subdivision (b) of Rule 26 . . . is substantially similar to its 1970 federal counterpart, this Court will look to federal court decisions interpreting that version of Fed.R.Civ.P. 26(b) for guidance.").
"The basic proposition [underlying this rule] is relatively straightforward — a party that takes advantage of the opportunity afforded by Rule 26(b)(4)(A) . . . should pay the expert's charges for submitting to this examination." Charles A. Wright, et al., FederalPractice Procedure, § 2034 at 469 (2d ed. 1994). Moreover, "[t]he payment of expert fees is mandatory, *Page 3 
as indicated by the verb `shall,' and a party is excused from this obligation only upon a finding of `mandatory injustice.'" New York v.Solvent Chemical Co., Inc., 210 F.R.D. 462, 467 (W.D.N.Y. 2002).
While the plain language of Rule 26 dictates this fee-shifting, the methodology for doing so is not set forth. The conundrum that this Court now faces is how it should determine the reasonableness of a requested fee. It is a tenet of our fair trial paradigm that each party shall be able to select its own witnesses. Normally, each party finances its own litigation until the time of trial. Where the rules deviate from this norm and impose a fee-shifting burden on the opposition, the court must balance the appropriateness of the fee cognizant of the other conflicts which occur during discovery.
Although many courts place the initial burden on the party seeking reimbursement of an expert's fee, logic and fairness suggest that the party seeking discovery should also have the initial burden of proving the unreasonableness of the fee it challenges. See e.g. Gwin v. AmericanRiver Transp. Co., 482 F.3d 969, 975 (7th Cir. 2007) which held that "before refusing to order a deposing party to pay the other party's expert, the district court must explicitly find either manifest injustice or that the fee was unreasonable." (holding that the district court abused its discretion in not explaining its decision to deny defendant's motion to compel payment of expert expenses). Put simply, the rule requires payment of a reasonable fee unless otherwise ordered. In the hope of avoiding controversy where there is none, it is appropriate to require a party challenging an expert's fees to make an initial showing of unreasonableness of the fee demanded.
In applying the rule's rigid requirement that the party seeking discovery pay for the discovery sought, this Court seeks to ensure a level playing field. The parties are not necessarily *Page 4 
evenly matched; and thus, what one paid is not necessarily the key to what the other will pay for an expert witness. In the case at bar, for example, a local hospital and a physician may have several experts willing to come to its aid. An alleged victim of negligence, however, may not be as fortunate. Often limited in funding, the alleged victim may need to search the country to find a physician with appropriate credentials and experience willing to provide testimony questioning a practitioner in the same field. See William Lloyd Prosser W. Page Keeton, The Law of Torts, § (5th ed. 1984) ("The well known reluctance of doctors to testify against one another, which has been mentioned now and then in the decisions, may make [expert testimony] difficult or impossible to obtain, especially in a jurisdiction with a narrow locality rule, and so in some instances effectively deprive the plaintiff of any remedy for a real and grievous wrong.").; see also
Richard M. Markus, Conspiracy of Silence, 14 Clev. Marshall L.Rev. 520, 522 (1965) ("The requirement that independent expert medical testimony establish the proper standard of care and the defendant's failure to meet that standard imposes an almost insurmountable obstacle in many cases.").[2]
As there is limited authority in the area of what constitutes a reasonable fee, courts exercise their discretion in making this determination by applying factors they deem relevant and important to the analysis. See e.g. Goldwater v. Postmaster General of U.S.,136 F.R.D. 337, 339-40 (D.Conn. 1991) ("Despite the lack of direct authority on the issue, this court finds that the following factors should be considered in determining whether a particular fee request is reasonable within the meaning of Rule 26(b)(4)(C)."); Hurst v. U.S.,123 F.R.D. 319, 321 (D.S.D. 1988) ("[M]ost courts acknowledge the paucity of authority and then use their discretion to select an amount deemed reasonable."); Draper v. Red Devil, Inc., 114 F.R.D. 46, 48 (D.Ark. *Page 5 
1987) ("[T]here is scant authority on the subject."). This Court is loathe to assert a discretionary power on its own accord, where it would be inappropriate, or where it has none.
 "The judge . . . is not to innovate at pleasure . . . He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. He is to exercise a discretion informed by tradition, methodized by analogy, [and] disciplined by system, . . ." State v. Lead Industries Association, Inc., 951 A.2d 428, 436 (R.I. 2008) (quoting Benjamin N. Cardozo, The Nature of the Judicial Process, 141 (1921)).
While the judiciary leaves the task of policy making to the other branches of government, it must meet the challenges before it. Each case has its own unique circumstances. Compounded to that, the parties are unlikely to be able to resolve such questions amongst themselves in all instances. Such disputes arise in the midst of heated discovery — at a time when the parties are distant from settlement — and involve the quality of one's own expert and the payments to adversaries even before judgment. As one cure cannot resolve all problems, the exercise of the court's tempered discretion is the obvious solution.
In the exercise of its discretion, several factors will be applied in determining the appropriateness of the fee to be reimbursed. First, the party challenging the fee must place before the court evidence that the requested fee is unreasonable, including but not limited to, whether the prevailing rate, if there is one, is significantly different. See e.g.Fraser v. AOL LLC, 2008 WL 312670, *1-2 (M.D.Fla. 2008) (party challenging fee filed a motion requesting that the fee for plaintiff's ophthalmologist expert be set at a particular rate in accordance with fees being charged by comparable experts, and producing invoices in support). Second, the court should weigh other factors including: the field of specialty, the number and availability of testifying experts in the field, the individual expert's standard fees, the amount of time required for the deposition and travel thereto, the uniqueness of the specialty, the uniqueness of the testimony, *Page 6 
and other challenges incident to locating the expert. By enumerating this list, the court solely intends to set forth factors to be considered. This list is not exhaustive and will not limit the consideration of other factors appropriate for the court's exercise of its discretion.
Here, the requisite proof is woefully short. Though the defendants are medical professionals themselves, they have not established any prevailing rates for physicians with similar concentrations in the local area or the profession at large. Even after being afforded the opportunity to do so at hearing, defendants failed to submit any evidence showing that the requested fee is unreasonable. To provide a second (or third) bite at the apple, at this point, is simply unfair.
Accordingly, plaintiff's motion to order payment is granted. Defendants shall remit $3700 to the plaintiffs counsel, in payment for the deposition.[3]
[1] Rule 26(b)(4)(C) of the federal rule similarly provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)." Fed.R.Civ.P. 26(b).
[2] An obvious purpose of the rule is to fairly apportion the financial burdens of aggressive litigation even before trial.
[3] The $3700 is due Dr. Kershner. Payment is to be remitted through counsel as counsel may have advanced funds already.