103 N.J. Super. 357 (1968)
247 A.2d 345
JACOB WILLIAM WOLF AND PEARL M. WOLF, PLAINTIFFS-RESPONDENTS,
v.
THE HOME INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1968.
Decided November 1, 1968.
Before Judges GOLDMANN, KOLOVSKY and CARTON.
Mr. Samuel A. Gennet argued the cause for appellant.
Mr. Leonard Rosenstein argued the cause for respondents.
PER CURIAM.
The judgment is affirmed substantially for the reasons expressed in the opinion of Judge Joseph H. Stamler filed in the court below.
CARTON, J.A.D. (concurring).
Plaintiffs entered into a contract in May 1964 to sell two parcels of real property to the State of New Jersey for $27,000. There was in force at that time a $25,000 fire insurance policy which plaintiffs, as owners, had procured in 1963 from defendant insurance company. The policy covered, for a period of three years, a building situated on one of these parcels.
On October, 8, 1964 a fire totally destroyed the building. The following March, plaintiffs conveyed title to the purchaser and received the full amount of the agreed purchase price.
*358 I agree with my colleagues that the trial court properly granted a partial summary judgment in favor of plaintiffs. But I come to that conclusion by a somewhat different route.
The insurance issues presented in this case arise primarily because of the existence of the doctrine of equitable conversion and the failure of the standard fire insurance policy to define precisely the rights of the owner of the real property insured in the circumstances where that doctrine becomes applicable. The difficulties are compounded by the absence of any provision in the contract of sale covering the factual situation now confronting us. Since these problems also present equitable considerations, it would seem appropriate that equitable principles be applied generally to their solution.
The insurance company here has received the premium covering the eleven-month period between the execution of the contract and the delivery of the title. The policy of insurance is an open policy limited by its face amount. In it the company has agreed to make good the insured's loss or damage by fire not exceeding the sum stated "to the extent of the actual cash value of the property at the time of the loss." So far as the record shows, defendant never returned the premiums attributable to that period nor reduced the amount thereof to reflect any diminished equitable interest of the owner by reason of the execution of the contract of sale. Nor did it attempt to cancel the policy of insurance.
Furthermore, it is not disputed that had the plaintiffs, at the time the contract of sale was entered into, requested the insurance company to issue an endorsement covering the interest of the purchaser as it might appear, the company would have complied without requiring the payment of any additional premium. That concession accords with the common practice in everyday situations involving sales of realty. In essence, this practice is a recognition by the insurer of at least a general obligation to make good the amount of any loss to someone in consideration of the premium with really no particular interest as to whom the amount of the fire loss *359 should be payable. This standard practice would seem to accord with the normal expectations of the parties to such transactions.
Although a vendor is not obligated to insure, he may properly do so to the full value of the property, including both the legal and equitable estates which may arise in the event of a sale. Certainly plaintiff retained an insurance interest in the property after the execution of the contract, notwithstanding the operation of the doctrine of equitable conversion.
In a number of cases where the present problem has been considered, the issue has been rendered more complex by the fact that the vendee also had interposed a claim for the proceeds of the policy. In the majority of such cases the courts have applied a constructive trust rationale, holding that where the purchaser would bear the loss occasioned by a casualty to the property pending completion of the sale, the proceeds of the vendor's insurance policy should be held by the vendor for the benefit of the purchaser in reduction of the purchase price. See Millville Aerie, No. 1836 v. Weatherby, 82 N.J. Eq. 455 (Ch. 1913), and Annotation, "Rights of vendor and purchaser, as between themselves, in insurance proceeds," 64 A.L.R.2d 1402 (1959), and cases collected therein.
It is clear, however, that even if such a constructive trust theory is applicable here, it is not open to defendant to assert the equitable ownership of another as a defense to a suit on the policy by the vendor. Moreover, because of the special circumstances of the present case, I agree that we should refrain from expressing any opinion as to the applicability of this theory where the purchaser is not a party to the litigation, and where the ultimate ownership of the insurance proceeds, as between vendor and vendee, is not before the court. In addition, the pertinent facts are not sufficiently revealed by the record on this motion for summary judgment to permit such a determination.