THOMAS T. JOHNSTON AND LOUISE JOHNSTON, PLAINTIFFS, v. CONNAUGHT LABORATORIES, INC. AND ELKINS-SINNS, INC., DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

December 19, 1985.

*Timothy L. Barnes* for plaintiffs (*Barnes & Barnes,* attorneys).

*Joseph Buttafuoco* for defendants.

GOTTLIEB, J.S.C.

This is an action grounded in negligence, breach of warranty and strict liability against the manufacturer Connaught Laboratories, Inc. and the distributor Elkins-Sinns, Inc. of fluzone which is an influenza vaccine. Plaintiff Thomas T. Johnston claims that, as a result of being vaccinated with fluzone he developed Guillian-Barre syndrome.

This matter has been assigned to me for complex case management. At a recent management conference, counsel raised an issue concerning the amount of fees to be paid by plaintiffs for deposing one of defendants' expert witnesses. I requested that counsel indicate their respective positions in writing that I then might rule on the question.

Dr. David Pleasure, who is associated with Children's Hospital of Philadelphia, is a neurologist specializing in peripheral nerve disease. He has been selected by defendants to serve as one of their expert witnesses at trial. Plaintiffs' counsel deposed him at the hospital on August 5, 1985, at which time Dr.

Pleasure indicated that his fee for the deposition was $750. Plaintiffs' attorney objected because he thought the amount excessive, and offered to pay $200. The deposition took one hour to complete.

The issue is what amount are plaintiffs to pay toward the doctor's fee.

When an attorney chooses to depose another party's expert witness, an implied contract to pay a reasonable compensation arises. *Cf. Shapiro v. Solomon*, 42 *N.J.Super.* 377, 383 (App.Div.1956). The expert witness unilaterally cannot require payment of more than a reasonable amount. To allow otherwise would permit a situation to occur where the proposed fee is so dear that it would prohibit the taking of a deposition and frustrate the policies underlying pretrial discovery. Moreover, since an expert witness is selected by another party, that other party is in the best position to ensure that a witness will be tendered who will charge a reasonable fee.

Based on the amount of time expended (one hour), that the deposition occurred at the office of the witness and the nature of the witness' expertise, I conclude that $200 is more than a fair and reasonable amount. Since plaintiffs' attorney has offered to pay this sum, I direct that plaintiffs' obligation toward Dr. Pleasure's fee shall be $200 and that any additional amount charged by Dr. Pleasure is the responsibility of defendants.