**Bernard GOLDWATER, Plaintiff,**

v.

**POSTMASTER GENERAL OF THE UNITED STATES, Anthony M. Frank.**

**Civ. No. N–88–31 (AHN).**

United States District Court, D. Connecticut.

April 22, 1991.

Margaret G. Dean, New Haven, Conn., for plaintiff.

Carl J. Shuman, Asst. U.S. Atty., Hartford, Conn., for defendant.

## MEMORANDUM AND ORDER

THOMAS P. SMITH, United States Magistrate Judge.

■ The plaintiff in this employment discrimination suit claims that he was wrongfully terminated by the United States Postal Service and that his civil rights were violated. In the process of discovery, the defendant deposed the plaintiff's expert witness, Dr. John Felber. Thereafter, the plaintiff requested that the defendant pay Dr. Felber a fee of $450 per hour for the time spent in the deposition.[1]

After careful review, the court rejects Dr. Felber's belated attempt to apportion his fee between preparation time and time spent in the deposition. In so doing, the court notes that, at the deposition, Dr. Felber represented to the defendant's counsel that he would only bill for the time actually spent in the deposition. The court further notes that: 1) Dr. Felber has never before suggested that his requested fee included unbilled preparation time, 2) Dr. Felber has

---

1. In a letter sent to the defendant after the defendant's memorandum in opposition to the plaintiff's motion for payment of fees was filed, Dr. Felber suggested that his requested rate of $450 per hour included otherwise unbilled time spent in preparation for the deposition. Dr. Felber submitted a revised bill in which he requested that the defendant reimburse him at the rate of $350 per hour for time spent in the deposition and in the amount of $600 for the time spent preparing for the deposition.

Fed.R.Civ.P., Rule 26(b)(4)(C). The defendant has objected to the plaintiff's request arguing that Dr. Felber's requested fee is not reasonable. Additionally, the defendant argues that it should be required to pay Dr. Felber only for the time he spent testifying and not for the time he spent sitting at the deposition while the attorneys bantered back and forth about documents and other matters. After careful review, the court determines that Dr. Felber is entitled to be reimbursed for all of the time he spent under oath but that the defendant must reimburse him only in the amount of $200 per hour.

The Federal Rules of Civil Procedure provide that a party may obtain discovery of facts known and opinions held by experts acquired or developed in anticipation of litigation. Rule 26(b)(4), Fed.R.Civ.P. If a party seeks to obtain discovery of an expert, however, it is required to "pay the expert a reasonable fee for time spent in responding to discovery." Rule 26(b)(4)(C), Fed.R.Civ.P. The payment of fees is mandatory and the party seeking discovery will not be excused from its obligations to the expert unless manifest injustice would result. *Id.; United States v. City of Twin Falls, Idaho,* 806 F.2d 862 (9th Cir.1986).

In this case, the defendant does not seek to avoid its obligations to pay Dr. Felber's fees.[2] Rather, the defendant merely argues that Dr. Felber's requested fee is not reasonable.[3] The defendant asserts that Dr. Felber should be paid no more than $200 per hour.

In attempting to determine what is a reasonable fee for Dr. Felber, the court has kept in mind that the underlying purpose of Rule 26(b)(4)(C) is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert work free from cost. *United States v. City of Twin Falls, Idaho,* 806 F.2d 862, 879 (9th Cir.1986); *Hurst v. U.S.,* 123 F.R.D. 319, 321 (D.S.D.1988). "Ideally, [the rule] seeks to calibrate the fee so that plaintiffs will not be hampered in efforts to hire quality experts, while defendants will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Id.,* at 321.

There is very little authority as to what is meant by the term "a reasonable fee" in Rule 26(b)(4)(C). Indeed, as one court recently noted "most courts acknowledge the paucity of authority and then use their discretion to select an amount deemed reasonable." *Hurst v. U.S.,* 123 F.R.D. 319, 321 (D.S.D.1988); *see also Draper v. Red Devil, Inc.,* 114 F.R.D. 46, 48 (E.D.Ark. 1987).

What little authority does exist does not supply the court with much guidance in determining the fee to be paid Dr. Felber in this case. The courts that have considered the issue have generally failed to delineate all of the factors that they necessarily weighed in determining whether a particular fee was reasonable. Decisions that determine a "reasonable fee" without completely setting forth the factors considered cannot serve as precedent for this court because of the peculiarity of the facts of each case.

Despite the lack of direct authority on the issue, this court finds that the following factors should be considered in determining whether a particular fee request

---

failed to provide a statement of the time he spent in preparation for the deposition, and 3) Dr. Felber has failed to indicate the hourly rate at which he billed preparation time. The court will proceed to address at what rate Dr. Felber should be compensated for the time spent in the deposition.

**2.** Although the government did not originally oppose the payment of a reasonable fee, it did argue in its supplemental memorandum in opposition to the plaintiff's motion to compel that Dr. Felber's conduct in submitting misleading bills warranted a denial of any fee.

After careful review, however, the court finds that the government's original position is better taken. Dr. Felber is a respected psychiatrist whose time is valuable. Dr. Felber deserves to paid a reasonable fee for the time he spent responding to the defendant's questions in a deposition.

**3.** Whether Dr. Felber's requested fee for the time spent in the depsition is $450 per hour or $350 per hour is of no moment. The court finds that neither rate is reasonable.

is reasonable within the meaning of Rule 26(b)(4)(C):

(1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

The weight to be given any one of the factors in a particular case depends, of course, on the circumstances before the court.

Consideration of these factors in this case leads to the inexorable conclusion that Dr. Felber's requested rate is not reasonable. While it is true that Dr. Felber possesses a law degree in addition to his medical degree, this alone does not justify such an exorbitant hourly rate. The court notes that a legal degree was not necessary to provide the expert insight demanded in this case. The court further notes that Dr. Felber's requested rate is far out of line with the rates requested by other comparably respected psychiatrists who have performed services for parties in this court. *See* Exhibits C, D, E and F appended to Defendant's *Memorandum in Opposition to Motion to Compel Payment of Dr. Felber's Fee.*

A review of a partial portion of the transcript also reveals that Dr. Felber was, at times, an evasive and argumentative witness. The quality of the answers noted in the portions of the transcript perused by the court hardly warrants a fee more than twice that requested by other comparably respected psychiatrists.

While the court recognizes that Dr. Felber is a busy psychiatrist and that the cost of living and practicing medicine in Hartford is relatively high, it finds that Dr. Felber's requested fee is extravagant. *See*

*Anthony v. Abbott Laboratories,* 106 F.R.D. 461, 463 (D.R.I.1985) (Seyla, J.) ("this court is not so naive as to overlook the strain of esurience which sometimes seems to infect certain physicians when they become involved as experts in the litigation process. Indeed, such a virus is most virulent where, as here, the putative payor is the adverse party."). The court notes specifically that Dr. Felber indicated that, in 1987, his hourly rate was only $150 per hour for everything but testimony and depositions.

In short, after considering all of the factors noted above, the court finds that neither $450 nor $350 per hour is a reasonable rate for the services Dr. Felber provided in this case. The court is mindful that we live in a day and age when a baseball player can earn over $41,000 per hour for throwing a ball across the plate,[4] and that "the day has long since passed when physicians were paid by grateful patients in cords of wood or gobs of butter." *Id.,* at 464. Still, the court does not believe that Dr. Felber is entitled to almost twice as much as other comparably respected psychiatrists.

After careful review, the court finds that $200 per hour is a reasonable rate of compensation for Dr. Felber. This rate is consistent with the rates charged by other psychiatrists who have performed services for parties in this court and promotes the goal of allowing plaintiffs to hire competent experts without unduly burdening defendants.

The next question that must be resolved is the amount of time for which Dr. Felber is entitled to be compensated. A review of the materials submitted by each party reveals that there really is no disagreement with respect to the amount of time spent at the first day of the deposition. Both Dr. Felber's revised bill and the defendant's memorandum in opposition to the motion to compel indicate that the first day of the deposition took approximately 1.8 hours.

4. The court calculated that this was the hourly rate of a pitcher who was being paid $5,000,000 per year. The hourly rate was calculated based on an estimated 40 games pitched a year and an average of 3 hours per game.

Similarly, there does not appear to be any dispute as to the amount of time spent at the third day of the deposition. Dr. Felber has submitted a bill indicating that the third day took approximately 1.8 hours. The defendant has not submitted anything indicating that Dr. Felber's calculations are incorrect.

The only point of dispute between the parties appears to be the amount of time spent at the second day of the deposition. Dr. Felber indicates that the second day took approximately 3.2 hours. The defendant contends, however, that the second day of the deposition took only two hours and forty-seven minutes.

A review of the portions of the transcripts of the second day of the deposition, submitted as defendant's *Exhibit J*, supports the defendant's position. The transcript reveals that the deposition commenced at 11:33 a.m. Thereafter, the parties and Dr. Felber adjourned for one hour to have lunch. The deposition concluded at 3:20 p.m. The court, therefore, determines that the deposition took only two hours and forty-seven minutes or approximately 2.8 hours.

Accordingly, the defendant is ORDERED to compensate Dr. Felber for 6.4 hours at the rate of $200 per hour. Either party is free to seek timely review of this ruling pursuant to 28 U.S.C. § 636(b)(1)(A); Rule 72, Fed.R.Civ.P.; and Local Rule 2 for U.S. Magistrate Judges.