**Annette MATHIS, Plaintiff,**

v.

**NYNEX, Defendant.**

**No. 94–CV–1584 (ERK).**

United States District Court,
E.D. New York.

Feb. 28, 1996.

---

Jay H. Schwitzman, Brooklyn, New York and Colleen M. Meenan, Forest Hills, New York, for Plaintiff.

Steven M. Martin, New York Telephone Company, New York City, for Defendant.

Evan Sarzin, New York City, for Dr. Sirota.

## MEMORANDUM AND ORDER

LEVY, United States Magistrate Judge:

By order dated December 21, 1995, the undersigned held that defendant NYNEX is required to compensate plaintiff's expert, Dr. Sirota, for any depositions it takes of him for the remainder of this case. Dr. Sirota seeks $250 per hour in compensation for the time he is to spend being deposed by defendant's counsel. Defendant objects to that fee, arguing that $150 per hour would be more reasonable, since that is the regular fee Dr. Sirota charges his patients.[1]

Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure states that "the court shall require that the party seeking discovery pay the expert a reasonable fee for the time spent in responding to discovery...." "Ideally, [Rule 26] seeks to calibrate the fee so that plaintiffs will not be hampered in efforts to hire quality experts, while defendants will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Hurst v. United States,* 123 F.R.D. 319, 320 (D.S.D.1988).

In determining whether a requested expert fee is "reasonable" courts generally consider the following factors: (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *Goldwater v. Postmaster Gen'l of the*

---

1. Dr. Sirota's counsel contends that Dr. Sirota charges $150 for a forty-five minute session, and not for a full hour.

*United States,* 136 F.R.D. 337, 340 (D.Conn. 1991). In addition, courts look to (1) the fee actually being charged to the party who retained the expert; and (2) fees traditionally charged by the expert on related matters. *Jochims v. Isuzu Motors, Ltd.,* 141 F.R.D. 493, 496 (S.D.Iowa 1992).

Applying the above factors, the court in *Goldwater* rejected a psychiatrist's request that the defendant pay him $450 per hour for time spent in a deposition. It noted specifically that the doctor's regular hourly rate for "everything but testimony and depositions" was only $150 an hour and that the expert was "an evasive and argumentative witness" at his deposition. *Goldwater,* 136 F.R.D. at 340. Although the court recognized that the expert was a busy psychiatrist and that the cost of living and practicing medicine in Hartford, Connecticut was relatively high, it found that the requested fee was extravagant. It thus awarded the expert $200 per hour as "a rate consistent with the rates charged by other psychiatrists who have performed services for parties in this court." *Id.*

Likewise, in *Jochims,* the court reduced the plaintiff's expert's fee from his requested $500 per hour to $250 per hour. The court acknowledged that the expert, an associate professor of mechanical and aerospace engineering, was an internationally known expert in vehicle systems dynamics, crash avoidance research and computer simulation programs and had qualifications and credentials that the court described as "impressive." Moreover, the professor had taught, lectured, written, published and consulted extensively in his area of expertise, was a consultant to the U.S. Department of Transportation as well as several major foreign and domestic companies, and was widely viewed as a leading authority in the U.S. *Jochims,* 141 F.R.D. at 496. Nonetheless, the court described his requested fee as "astronomical," noting that it was double the highest hourly rate he was charging the plaintiff and there was no indication that the expert had been paid that hourly rate in any of his consulting or other services as an expert witness. *Id.* It held that the doctor's requested fee of $500 per hour was "an unfortunate example of the concerns expressed by the courts and Congress regarding the escalating costs of civil litigation in the federal courts." *Id.* The court thus had "no trouble" reducing the fee to $250 an hour.

Other courts addressing the issue of what constitutes a reasonable expert's fee have reached varying results. *See Hose v. Chicago and North Western Transportation Co.,* 154 F.R.D. 222, 227 (S.D.Iowa 1994) (reducing expert neurologist's fee from $800/hr, the doctor's usual hourly charge for neurological testing, to $400/hr, where expert was not a preeminent expert in his field, did not possess knowledge or training unique from other neurologists, had his office in Papillion, Nebraska, and was the plaintiff's treating physician; comparable experts charged between $375 and $429 an hour); *Dominguez v. Syntex Labs, Inc.,* 149 F.R.D. 166, 170 (S.D.Ind. 1993) (reducing fee from $800/hr to $341.50/hr for neurologist specializing in smell and taste disorders, where doctor charged other clients $800/hr for depositions but billed $94/hr for patient office visits, and other neurologists with similar qualifications charged between $120 and $300/hr for depositions); *Draper v. Red Devil, Inc.,* 114 F.R.D. 46, 48 (E.D.Ark.1987) (accepting electrical engineer's requested fee of $110 per hour as reasonable); *Anthony v. Abbott Labs.,* 106 F.R.D. 461, 465 (D.R.I.1985) (awarding physician $250/hr as the "outermost periphery of the range of sustainable awards" where doctor was "one of only a handful of physicians" who had the qualifications and expertise to testify about causative effects of DES and in his last deposition had charged a "friendly" litigant $250/hr for his time).

Dr. Sirota has submitted documentation concerning his background and qualifications; his curriculum vitae shows that he received his medical degree from New York University in 1957, is board certified in psychiatry and licensed in three states, and has been a practicing clinical psychiatrist in New York City for over thirty-five years. Dr. Sirota taught psychiatry at Downstate Medical Center for over twenty years, has held positions in a number of hospitals, has served on six professional committees and has published at least four articles. In addition, he has

served regularly as a consultant for managed care groups, performing diagnostic and pharmacological evaluations. His regular hourly fee for evaluations and consultations is $250. He is also charging plaintiff $250 per hour for his services as an expert. Dr. Sirota has only testified twice as an expert, once in 1963 and once in 1981–82; he did not disclose the rates he charged for his services on those two occasions.

The court also requested information concerning defendant's expert, Dr. Goldstein. Dr. Goldstein received her medical degree from New York University in 1980, is board certified, and has been practicing forensic psychiatry for twelve years. She also is on the faculty of the New York University School of Medicine, Department of Psychiatry, has lectured extensively, and has testified in approximately 100 cases over the past five years. Defendant is compensating Dr. Goldstein for her services at the rate of $300 per hour.

 Taking into account all of the factors listed above, the court finds Dr. Sirota's requested rate of $250 per hour to be reasonable as squarely within the range charged by other psychiatric experts with comparable qualifications. The court is especially persuaded by the fact that Dr. Sirota regularly charges the same rate for his consultative services and is charging plaintiff that rate for his expert services in this case. Also significant is the fact that defendant is compensating its own expert at a higher rate. Moreover, the cost of living and practicing medicine in New York City is no doubt among the highest in the country. Accordingly, defendant is hereby ordered to pay Dr. Sirota $250 per hour for the time he spends giving deposition testimony for the remainder of this case.[2]

Dr. Sirota further requests that the court compel defendant to provide him with transcripts of his deposition testimony in this case. Rule 30 of the Federal Rules of Civil Procedure requires the party taking a deposition to bear the cost of recording it and requires the officer who recorded the deposition to furnish a copy of the transcript to any party or to the deponent "[u]pon payment of reasonable charges therefor." Fed.R.Civ.P. 30(b)(2) and 30(f)(2). However, Dr. Sirota's counsel has cited no authority, and the court is aware of none, requiring a defendant to bear the cost of providing the plaintiff's expert with a transcript of his or her deposition testimony. If Dr. Sirota desires copies of the deposition transcripts, he may either obtain them from plaintiff's counsel or contact the reporting service directly. The court will not compel defendant to bear that cost.

SO ORDERED.

---

**2.** Defendant, however, may seek an appropriate modification of this order in the event that Dr. Sirota proves to be an unduly "evasive and argumentative" witness at his deposition. *See Goldwater,* 136 F.R.D. at 340.