Brassard, J.
The plaintiffs, Mr. and Mrs. Thomas Linnen (“the Linnens”), move the Court for an order protecting their counsel’s work-product and enforcing all “attorney’s charging liens” for any of plaintiffs’ counsel’s work-product, including but not limited to deposition transcripts, requested by counsel for any other related Massachusetts based or foreign litigation. For the following reasons, plaintiffs’ motion is DENIED.
BACKGROUND
After a lengthy hearing, the plaintiffs’ motion for an order to protect attorney work product and permit/enforce an attorney charging lien was, except in respect to that portion discussed below; denied.[2] This court took under advisement that part of plaintiffs’ motion relating to whether the court reporter is entitled to compensation for copies of the deposition transcripts. Specifically, plaintiffs contend that requests for copies of the deposition transcripts taken pursuant to the Linnen discovery should be directed to the court reporter and that the court reporter should be compensated for providing copies of the transcripts.
On May 5, 1997, the Linnens filed this action on behalf of their deceased daughter, Mary Linnen, for wrongful death arising out of the decedent’s use for tweniy-three days of the combination of two diet drugs, Fenfluramine and Phentermine (“fen/phen”). The Linnens contend that this combination of drugs resulted in their daughter’s development of a fatal and debilitating heart/lung disease, primary pulmonary hypertension, ultimately leading to her death eight months later.
The Linnen action was the first wrongful death case filed arising from the ingestion of the diet pill combination fen/phen. Since the filing of Linnen in May 1997, there have been approximately 2,000 similar actions filed across the country, several of which were filed in Massachusetts. In an effort to effectively prepare for the trial this fall, plaintiffs’ counsel has conducted extensive discovery, including the depositions of a number of Wyeth and Fisons personnel.
The Linnens’ counsel urges that the transcript of any deposition which they have taken can only be obtained by interested litigants involved in other cases by requesting a copy of the transcript from the court reporter and providing her with appropriate compensation. Defendants’ counsel in this case, as well as plaintiffs’ counsel in other pending Massachusetts cases, take a contrary position. Essentially, they assert that there is no proprietary interest in the deposition testimony itself. Moreover, they assert that the effect of such an order would put an unnecessary burden on the parties and ultimately lead to multiple, *46 duplicative depositions. Furthermore, they argue that the current custom, especially in Massachusetts product liability cases, has been for parties to share deposition transcripts.[3] That practice, they assert, is both cost effective and efficient.
DISCUSSION
There is no controlling law on the issue of whether a court reporter is entitled to compensation for deposition transcripts that are provided to third parties by a purchasing party. The relevant statutes and rules are as follows: Fed.R.Civ.P. 30(f)(2) and Mass.R.Civ.P. 30(f)(2), require that upon payment of reasonable charges, the court reporter shall furnish a copy of the deposition transcript to any party or to the deponent; G.L. 221, §88 provides that “upon request of the presiding judge or any party, the stenographer shall furnish a transcript of his notes or any part thereof, taken at trial or hearing, for which he shall be paid by the party requesting it...”; and 28 USC §753(f) states that “each reporter may charge and collect fees for transcripts requested by the parties ...” These statutes all pertain to the court reporter’s responsibility to furnish the requested transcript upon receipt of appropriate compensation. However, in no manner do these statutes indicate .that the only means for third parties to obtain copies of transcripts is through the court reporter.[4]
The parties only cited two cases and this court has located no other cases which assist in interpreting these statutes and rules and thus clarifying the issue of whether the court reporter is entitled to compensation for transcripts which are made available to third parties. Although not directly relevant, the decision of the First Circuit in Lipman v. Commonwealth of Massachusetts, 475 F.2d 505 (1973), is noteworthy. The Court pointed out that by statute, G.L. 221, §88, court reporters are entitled to sell copies to the parties at an established rate. Supra at 570 (emphasis added). The Court also noted that when sales are limited to those formally associated with the litigation, any potential for abuse by the court reporter is eliminated. Id. There is no suggestion in the case at bar of any potential for abuse. Moreover, those seeking the deposition transcripts, as well as those who have already been provided with copies of the transcripts, are not formally associated with the Linnen litigation.
Additionally, in Mathis v. Nynex, the United States District Court stated that Rule 30 of the Federal Rules of Civil Procedure requires the party taking the deposition to bear the cost of recording it and requires the officer who recorded the deposition to furnish a copy of the transcript to any party or to the deponent “upon payment of reasonable charges thereof.” 165 F.R.D. 23, 26 (W.D.N.Y. 1995); Fed.R.Civ.P. 30(f)(2). Moreover, the Court held that if the expert deponent wanted copies of the transcript, he could either obtain them from plaintiffs counsel or contact the reporting service directly. Mathis, supra at 26. Again, neither of these cited cases implies that the statutes and rules were designed to protect the court reporter. Rather, the rules and statutes appear to define only the court reporter’s responsibility to provide the transcripts upon receipt of appropriate compensation.
Court reporters essentially contract with the parties or their legal counsel to produce a transcript of the deposition for a certain price. Once a party or its counsel provides compensation to the court reporter, the party or the lawyer becomes the owner of the transcript. The court reporter does not have a copyright as to the contents of the transcript. Lipman, supra at 568 (since transcription is by definition a verbatim recording of other persons’ statements, there can be no originality in the reporter’s product).
This case does not present a situation in which one party or its counsel is making copies of deposition transcripts for other parties or counsel in the lawsuit for which the deposition was taken. The parties here are not seeking to avoid payment to the court reporter by procuring copies of transcripts from another party to the lawsuit. Furthermore, this is not a case in which the parties or their counsel are selling the transcripts to third parties or their counsel at a discounted rate. The parties and their counsel in this lawsuit are not making a profit from the transaction, as they are simply making the depositions available to third parties or their counsel in an effort to be cost effective and efficient.[5] This case is more analogous to a situation in which an attorney orders a transcript on behalf of his client and makes a photocopy available to an expert or other employees of his client party, charging either no fee or just a minimal copying charge. Accordingly, this court holds that by making copies of deposition transcripts available to third parties or their counsel, attorneys do not run afoul of Mass.R.Civ.P. 30(f) or G.L.c. 221, §88.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs’ motion for an order requiring copies of the deposition transcripts taken pursuant to the Linnen discovery be directed to the court reporter and that the court reporter be compensated for providing copies of said transcripts be DENIED. It is further ORDERED that the balance of plaintiffs’ motion be DENIED.

 At the hearing, plaintiffs essentially withdrew their assertion that the deposition transcripts constituted work product of the plaintiffs.

 At the hearing, defense counsel represented to this court that they would not charge fees, aside from minimal copying charges, for providing copies of deposition transcripts to interested litigants.

 In an amicus brief, the Massachusetts Court Reporters Association and the National Court Reporters Associations, assert that allowing copies of transcripts to be made by individuals other than the court reporter would render these provisions “toothless.” This court is unpersuaded by this argument. Again, this court finds that these statutes were intended to define the court reporter’s responsibility to furnish requested transcripts to the parties to a case upon receipt of appropriate compensation. There is nothing in the rules or statutes to indicate that the sole means of obtaining transcripts is to request them from the court reporter.

 Thus, this case can be distinguished from Upman, supra. In Lipman, the transcripts were impounded, and when the court reporter learned that the court clerk was prepared to sell copies of the transcripts when the impound was lifted, he sought to enjoin the clerk’s sales. The court ordered that the profits of the clerk be awarded to the court reporter to cover a portion of his expected earnings. Supra at 570-71.