Justin MANNARINO, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 01 CV 0931(CPS)(RML).

United States District Court,
E.D. New York.

Oct. 28, 2003.

Elliott M. Schachner, AUSA, Marvin L. Freeman, SAUSA, U.S. Attorney's Office, Brooklyn, NY, for Plaintiffs.

E. Michael Rosenstock, Rosenstock, Abolafia & Fisher, PC, Rockville Centre, NY, for Defendants.

## MEMORANDUM AND ORDER

LEVY, United States Magistrate Judge.

By letter dated August 25, 2002, defendant United States of America moves to compel plaintiff Justin Mannarino to pay defendant's expert witness, Dr. Anthony Storace, $3,064 in fees and expenses related to his deposition. For the reasons set forth below, plaintiff is directed to pay Dr. Storace $1,484.

### BACKGROUND AND FACTS

Plaintiff Justin Mannarino ("plaintiff" or "Mannarino") commenced this action against defendant United States of America ("defendant" or "the Government") under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, on February 16, 2001. The case arises out of an automobile accident between plaintiff's vehicle and a Government vehicle driven by a special agent of the Federal Bureau of Investigation. (Complaint ("Compl.") ¶ 4.) Plaintiff alleges that the agent's negligence caused the accident, and that the accident caused injuries to plaintiff's spine. (*Id.* ¶¶ 7–10.)

Plaintiff's physicians all concur that plaintiff's spinal injuries resulted from the accident. (Letter of E. Michael Rosenstock, Esq., dated Sept. 9, 2003 ("Rosenstock Ltr."), at 1.) Defendant's expert physician, Dr. Arthur Rosen, disagrees. (*Id.* at 2, Ex. A; Letter of Marvin L. Freeman, Esq., dated Aug. 25, 2003 ("Freeman Ltr."), at 3.) In addition to Dr. Rosen, defendant has retained two other experts, Dr. John E. Meyer, who specializes in accident reconstruction, and Dr. Storace, a bio-mechanical engineer.

(Freeman Ltr. at 1.) After serving notice of Dr. Storace's deposition, plaintiff received a bill for $3,064 from InterCity Testing and Consulting ("InterCity"), to be paid in advance of the deposition. (Rosenstock Ltr. at 2.) The amount billed represents a flat fee of $3,000 for one day "or part thereof" of Dr. Storace's testimony, and $64 in "related travel expense[s]." (Declaration of Marvin L. Freeman, dated Aug. 25, 2003 ("Freeman Decl."), Ex. A.) In response to a letter from plaintiff objecting to the reasonableness of the fee (Letter of Doris Rios Duffy, Esq., dated Feb. 18, 2003 ("Duffy Ltr.")), the court ordered the parties to conduct the deposition and, if they remained unable to resolve the dispute, to submit letter briefs afterwards. (Order, dated Feb. 21, 2003.)

Dr. Storace's deposition took place on April 21, 2003, and lasted for an hour and five minutes. (Rosenstock Ltr. at 3; Freeman Decl., Ex. F at 1, 61.) The fee dispute has not been resolved, and the parties have submitted letters and supporting documents. The materials submitted include an affidavit from Dr. Storace. (Affidavit of Anthony Storace, sworn to Aug. 13, 2003 ("Storace Aff.").) Defendant seeks an order compelling payment of the full amount of Dr. Storace's fee, $3,064. (Freeman Ltr. at 2, 4.) Plaintiff contends that this amount is excessive and argues that $500 is more appropriate. (Rosenstock Ltr. at 4.)

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(4), which governs this dispute, provides that "unless manifest injustice would result ... the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery ...." Fed.R.Civ.P. 26(b)(4)(C). Such discovery includes the deposition of any person identified as an expert whose opinions may be presented at trial. Fed.R.Civ.P. 26(b)(4)(A). In implementing this rule, courts aim "to calibrate the fee so that [parties] will not be hampered in efforts to hire quality experts, while [their adversaries] will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Hurst v. United States*, 123 F.R.D. 319, 320 (D.S.D.1988).

In determining the reasonableness of an expert's requested fee, courts weigh the following factors: (1) the witness's area of expertise; (2) the education and training that are required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) the fee actually being charged by the expert to the party who retained him; and (7) fees traditionally charged by the expert on related matters. *See Mathis v. NYNEX*, 165 F.R.D. 23, 24–25 (E.D.N.Y. 1996); *Adams v. Memorial Sloan Kettering Cancer Ctr.*, No. 00 Civ. 9377, 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002). Additionally, courts consider "any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Mathis*, 165 F.R.D. at 24–25. As a general rule, "[t]he party seeking reimbursement of deposition fees bears the burden of proving reasonableness .... If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee." *New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 468 (W.D.N.Y.2002) (citations omitted).

Here, defendant seeks payment of a flat fee of $3,000 and travel expenses of $64. The reasonableness of these requests will be reviewed in turn.

*The Flat Fee.* Dr. Storace affirms that the $3,000 fee "represents an amount equal to twelve hours at $250/hour." (Storace Aff. ¶ 9.) Although the flat fee does not, by definition, correspond to actual hours expended in connection with a deposition in any particular case, Dr. Storace affirms that the twelve hours assumed by the fee "is based on experience regarding the actual time expended in meeting deposition and court requirements." (*Id.*) He argues, in effect, that the set amount is fair even when he performs fewer than twelve hours' work on a particular case, because he does not charge more than this amount in cases when he performs more than

twelve hours' work. (*Id.*) In any event, he affirms that he in fact spent twelve hours in connection with his deposition in this case. (*Id.* ¶ 7.) Dr. Storace avers that he spent four hours attending the deposition as well as traveling to and from it, and an additional eight hours "reviewing the case materials and preparing for the deposition." (*Id.*) Thus, the Government argues, "[i]f plaintiff's attorney had been charged on an hourly basis, based on the hourly fee of $250.00 for twelve hours of work, the fees would still total $3,000.00." (Freeman Ltr. at 3.)

■ ▪ As a flat fee, I find $3,000 unreasonable. Courts expect "some reasonable relationship between the services rendered and the remuneration to which an expert is entitled." *Anthony v. Abbott Labs.*, 106 F.R.D. 461, 464 (D.R.I.1985); *see also Hurst*, 123 F.R.D. at 321 ("[A] reasonable fee should cover the expert's time spent complying with the requested discovery"); *Luddington v. Sec'y of Dep't of Health & Human Servs.*, No. 90–2351V, 1992 WL 206287, at *1 (Cl.Ct. Aug. 5, 1992) (fee requests by expert witnesses "should be substantiated by a detailed summary of the time and activity records of each expert witness"). By its nature, a flat fee runs counter to this principle. It is simply not reasonable to require parties in every case to pay the same amount regardless of the actual "services rendered" or "time spent complying with the requested discovery." The flat fee charged by Dr. Storace effectively compels parties in relatively simple cases,

such as this one, to subsidize parties in complex cases requiring a much greater expenditure of the expert's time. This is unfair, and I therefore find that $3,000 cannot be justified as a flat fee.

In rejecting the flat fee, I note that I am unpersuaded by the fact, offered by the Government, that other clients of Dr. Storace have willingly paid this amount. (Freeman Ltr. at 3; Freeman Decl., Ex. D.) That other parties in other cases have not objected to Dr. Storace's billing scheme has no bearing on whether it is fair to plaintiff in this case.[1] Additionally, I note that the fee charged by a different company, Exponent, for an expert in engineering (Freeman Decl., Ex. C)—a fee the Government cites as that of a "comparably respected expert[ ]" (Freeman Ltr. at 3)—does not support the imposition of a flat fee. On the contrary, the bill from Exponent is explicitly based on an hourly rate. (Freeman Decl., Ex. C (invoice showing $2,925 charge for thirteen hours of expert's time at $225 per hour).) That the bottom line of the Exponent bill approximates the amount sought here is purely coincidental, and does not make Dr. Storace's flat fee any more reasonable.

The Government also tries to justify the fee as the product of the hours Dr. Storace actually spent on this case—purported to be twelve—and the hourly rate of $250. (Freeman Ltr. at 3.) Plaintiff does not object to paying a $250 hourly rate,[2] but contends that

1. Moreover, I note that in a recent case before me, another party did object to Dr. Storace's flat fee, which I found unreasonable. *See Parrish v. Federal Signal Corp.*, No. 99 CV 2741, slip op. at 4–6 (E.D.N.Y. Apr. 22, 2003).

2. The court adopts the $250 hourly figure because that is the rate on which the flat fee is based (Storace Aff. ¶ 9), and it is apparently Dr. Storace's standard hourly rate, as reflected in the sample invoices provided to the court. (Freeman Decl., Ex. D.) It is also, as mentioned above, the rate the Government relies on in support of the $3,000 fee. (Freeman Ltr. at 3). Although the Government points out that plaintiff's engineering expert, William DeBlasio, charges $310 per hour (Freeman Ltr. at 4), a fact that theoretically might weigh in favor of paying Dr. Storace at a rate higher than $250 per hour, neither the Government nor Dr. Storace expressly or clearly requests a particular hourly rate. Rather, both

argue that the court should uphold the flat fee, which both justify in relation to the $250 hourly rate.

It is true that when plaintiff first objected to the $3,000 flat fee, Dr. Storace's office offered to bill him at an hourly rate of $375 with a four-hour guaranteed minimum. (Storace Aff. ¶ 4; Rosenstock Ltr. at 2.) Dr. Storace asserts that this rate was contingent upon the deposition's taking place at InterCity, because this supposedly would have limited the disruption of his work schedule. (Storace Aff. ¶ 4.) Plaintiff disputes that any such condition was placed on the rate. (Rosenstock Ltr. at 2.) However, because the deposition did not take place at InterCity, and, more importantly, because Dr. Storace does not seek this hourly rate now, the dispute is irrelevant. In any event, the court notes that, as discussed below, Dr. Storace is being compensated for his travel time and the consequent interruption of his other work.

the twelve hours Dr. Storace claims he spent in connection with the deposition are excessive. (Rosenstock Ltr. at 3–4 (suggesting that Dr. Storace be paid for two hours at the $250 hourly rate).)

As mentioned, the deposition lasted approximately one hour and five minutes. Dr. Storace obviously should be fully compensated for this time. Dr. Storace asserts that he also spent approximately eight hours "reviewing the case materials and preparing for the deposition." (Storace Aff. ¶ 7.) Although caselaw supports compensating an expert for preparation time (*see, e.g., Silberman v. Innovation Luggage, Inc.,* No. 01 Civ. 7109, 2002 WL 1870383, at *2 (S.D.N.Y. Aug. 13, 2002)), the court finds eight hours excessive. No one knew in advance that the deposition itself would last only one hour, but counsel for plaintiff did indicate beforehand that she expected it would last only about three hours. (Duffy Ltr. at 1.) Moreover, as plaintiff points out, Dr. Storace had prepared his expert report only a few months prior to the deposition, and he testified that in preparing for the deposition he did not review anything that he had not already reviewed in preparing the report. (Rosenstock Ltr. at 3; Freeman Decl., Ex. F. at 17–18.) Based on these factors, and on the fact that the issues in this case are not complex, I find that four hours of preparation time would have been reasonable. *Cf. Silberman,* 2002 WL 1870383, at *2 (finding eight hours' preparation for six-and-a-half-hour deposition reasonable); *EEOC v. Johnson & Higgins, Inc.,* No. 93 Civ. 5481, 1999 WL 32909, at *2 (S.D.N.Y. Jan. 21, 1999) (finding twenty-three hours' preparation for thirteen-hour deposition excessive, and reducing compensable preparation time to thirteen hours). Dr. Storace is therefore entitled to compensation at his full rate for four hours, plus an hour and five minutes for the time spent at the deposition itself. At the rate of $250 per hour, this comes to $1271.

*Travel Time and Expenses.* Dr. Storace states that "the total time for the deposition, including the deposition, travel, time lost due to inaccurate directions and time lost due to a disruptive work schedule[,] was four hours." (Storace Aff. ¶ 7.) As mentioned, one hour and five minutes of this time was spent at the deposition itself. It is undisputed that Dr. Storace got lost on his way from his office to Mr. Rosenstock's office, where the deposition took place. Dr. Storace asserts that he was "repeatedly given inaccurate directions" by Mr. Rosenstock's office. (*Id.* ¶ 5.) Mr. Rosenstock states that his office is easy to find and that Dr. Storace seemed incapable of following directions. (Rosenstock Ltr. at 3.) Dr. Storace's deposition was scheduled for 10 a.m., but because of his lateness, plaintiff's counsel began the deposition of Dr. Meyer at that time. (*Id.* at 2–3.) Upon Dr. Storace's arrival, he was given the choice between waiting until the completion of Dr. Meyer's deposition, and returning at noon, and chose the latter. (*Id.* at 3.)

■ Regardless of whether plaintiff's attorney's directions or Dr. Storace's navigation skills were responsible for the delay, the fact remains that Dr. Storace was unable to work during the period he was lost. Because Dr. Storace obviously did not intentionally get lost, the court finds that he is entitled to be compensated for this time. In addition, the court finds it somewhat troubling that both Dr. Storace's deposition and Dr. Meyer's were scheduled for the same time. (Rosenstock Ltr. at 2.) It seems reasonable to hold plaintiff responsible for the additional disruption in Dr. Storace's work schedule caused by this "double booking." *See McHale v. Westcott,* 893 F.Supp. 143, 151 (N.D.N.Y.1995) (Pooler, J.) ("[T]he expert certainly should be reimbursed for any time during which he was unavailable to do other work, such as time spent waiting at the deposition").

Plaintiff asserts that, based on his own experience, travel time between his office and Dr. Storace's should not have been more than twenty minutes. (Rosenstock Ltr. at 3.) Dr. Storace does not say how long his initial trip took him, nor does he indicate how long each of the three subsequent trips took. In the absence of any such information from Dr. Storace, the court will accept plaintiff's estimated time for a normal trip between the

two offices.[3] The court will also assume that the initial trip, during which Dr. Storace got lost, took twice as long as it otherwise would have. Accordingly, the court finds that Dr. Storace is entitled to compensation for forty minutes for his initial trip to Mr. Rosenstock's office, plus twenty minutes for his first return trip, plus forty minutes for the round trip he made in connection with the rescheduled deposition.

 The general rule, which this court follows, is that compensation for travel time should be half the regular hourly amount charged. *See, e.g., Silberman,* 2002 WL 1870383, at *2; *Grdinich v. Bradlees,* 187 F.R.D. 77, 83 (S.D.N.Y.1999). Therefore, Dr. Storace is entitled to $125 per hour for the hour and forty minutes he spent traveling to and from the deposition, or $208.

 Dr. Storace also seeks $64 in travel expenses but does not offer any explanation of what these expenses were, much less an itemization thereof or any supporting documentation, such as receipts. Without such guidance, the court cannot assess the reasonableness of the $64 charge. Further, the accuracy of this amount is questionable, given that it was set before any expenses were actually incurred. From his affidavit and the Government's submissions, the only expense the court can fairly assume Dr. Storace incurred is gas. Accordingly, the court finds that Dr. Storace is entitled to only $5 in travel expenses, which represents the court's best guess as to his expenditure on gas.

## CONCLUSION

For the reasons stated above, plaintiff is entitled to reimbursement of $1,271 for Dr. Storace's time spent preparing for and attending his deposition, $208 for Dr. Storace's travel time, and $5 for Dr. Storace's travel expenses. Accordingly, within ten (10) business days of the date of this Order, plaintiff is directed to pay to Dr. Storace $1,484 for

the fees and expenses reasonably incurred in connection with Dr. Storace's deposition.

SO ORDERED.

---

**3.** For what it is worth, according to MapQuest, the travel distance between Mr. Rosenstock's office, at 55 Maple Avenue in Rockville Centre, New York, and Dr. Storace's InterCity office, at 167 Willis Avenue in Mineola, New York, is 6.94 miles. The estimated travel time is 15 minutes. *See* www.mapquest.com.