121 A.3d 936

ALICE JUSINO, PLAINTIFF, v. WILLIAM LAPENTA, DEFENDANT.

Superior Court of New Jersey
Law Division Atlantic County

Decided May 23, 2014.

*Evan S. Goddard* for plaintiff.

*Marc L. Hurvitz* for defendant (*Hurvitz & Waldman, LLC,* attorneys).

SAVIO, JAMES P., J.S.C.

On October 20, 2010, plaintiff was operating a motor vehicle that was involved in an accident with a vehicle operated by defendant.

Plaintiff alleges that the defendant negligently operated his motor vehicle and that his negligence was a proximate cause of the accident. Plaintiff claims that as a proximate result of the accident, she suffered a permanent injury and she seeks compensation for her injuries from the defendant.

On October 17, 2012, plaintiff filed suit. In pretrial discovery, plaintiff named Andrew S. Glass, M.D., a Board Certified Neurological Surgeon, as an expert witness. Glass authored a number of medical reports describing the care and treatment he administered to plaintiff for the injuries he opines she suffered as a result of the accident of October 20, 2010. Glass supports plaintiff's assertion that she suffered a permanent injury proximately caused by the accident of October 20, 2010.

In accordance with *Rule* 4:14–7(b)(2), the defendant notified plaintiff of an intent to take the discovery deposition of Glass. Defendant requested plaintiff provide proposed dates for the proceeding and Glass's fee schedule for attending a discovery deposition. In response, plaintiff indicated that Glass's current fee for attending a discovery deposition is $1000 per hour with a minimum fee of $3000 as well as a $500 preparation fee, but "excessive medical records and excessive time requirement fees may apply." In other words, the fee for preparation of the deposition may be $500 unless Glass determines that excessive medical records and excessive time is required to prepare for the deposition. The term "excessive" is not defined in the statement submitted by Glass.

Defendant refused to pay for any of the preparation time and protested the amount of the attendance fee charged by Glass. Defendant asserted that "Best Practices" establishes a fee schedule that suggests that the fee for taking the discovery deposition of an expert should be between $300 and $400 per hour. When plaintiff refused to produce Glass for the discovery deposition unless defendant agreed to pay Glass his proposed attendance fee

in advance of the deposition, defendant moved to have the court set the fee for Glass to attend the deposition.

*Rule* 4:10–2(d)(2) provides:

... unless otherwise ordered by the court, the party taking the deposition shall pay the ... a *reasonable fee* for the appearance, to be determined by the court if the parties and the expert ... cannot agree on the amount therefor. The fee for the witness's preparation for the deposition shall, however, be paid by the proponent of the witness, unless otherwise ordered by the court.

[*Rule* 4:10–2(d)(2) (emphasis added) ].

There is no published or unpublished opinion of the New Jersey Supreme Court or Appellate Division defining the term "reasonable fee" as the words are used in *Rule* 4:10–2(d)(2). In New Jersey, the only reported opinion addressing the term is a trial court opinion in *Johnston v. Connaught Labs.*, 207 *N.J.Super.* 360, 504 *A.*2d 166 (Law Div.1985).

Although not controlling, the opinions of courts of coordinate jurisdiction should be taken into consideration in deciding an issue presented in this case. *Acqua Development Corp. v. Twp. of Holmdel,* 287 *N.J.Super.* 578, 584, 671 *A.*2d 636 (Law Div.1995); *Schomber v. Prudential Ins. Co.,* 214 *N.J.Super.* 309, 313, 518 *A.*2d 1138 (Law Div.1986). The "decision of an inferior court is not binding on a court of coordinate jurisdiction." *Manturi v. V.J.V., Inc.,* 179 *N.J.Super.* 300, 306, 431 *A.*2d 859 (App.Div.1981) (citing *Wolf v. Home Ins. Co.,* 100 *N.J.Super.* 27, 241 *A.*2d 28 (Law Div.), *aff'd,* 103 *N.J.Super.* 357, 247 *A.*2d 345 (App.Div.1968)). "Trial court precedent is not to be considered lightly, but in the absence of an appellate authority in New Jersey, the court is not obliged to follow it." *Lackovic v. New England Paper Tube Co.,* 127 *N.J.Super.* 394, 398, 317 *A.*2d 426 (Law Div.1974) (quoting *Ferraro v. Ferro Trucking Co.,* 72 *N.J.Super.* 519, 523, 179 *A.*2d 74 (Law Div.1962)).

The opinion in *Johnston* was published thirty years ago. In *Johnston,* the expert witness was a pediatric neurologist associated with Children's Hospital in Philadelphia who specialized in peripheral neurological disease in children. 207 *N.J.Super.* at 361,

504 *A.*2d 166. Apparently, the amount the expert charged for attending the discovery deposition was not resolved before the discovery deposition, and during the deposition the physician was asked about his fee for attending the deposition. *Id.* at 362, 504 *A.*2d 166. The expert testified that his fee to attend a discovery deposition in his office in Philadelphia was a flat fee of $750. *Ibid.* The defendant apparently offered to pay $200 for the one hour of time consumed in taking the deposition and the plaintiff insisted on the payment of the physician's flat fee. *Ibid.* The trial court determined that $200 was a reasonable hourly rate for a discovery deposition, without providing any rationale for the conclusion. *Ibid.* The court ordered the plaintiff, who was the proponent of the witness, to be responsible for the payment of the difference between the expert's $750 flat fee and the amount the court ordered the defendant's attorney to pay the physician. *Ibid.* Apparently, the decision was not appealed and the opinion has never been cited in any published opinion of any court of the State of New Jersey.

■ This court acknowledges that the opinions of the federal court, with the exception of United States Supreme Court opinions interpreting the United States Constitution and federal statutes, are not binding precedent. *In re Contest of November 8, 2011,* 210 *N.J.* 29, 45, 40 *A.*3d 684 (2012). However, "federal opinions, including district court decisions, may have significant persuasive effect" Pressler & Verniero, *Current N.J. Court Rules,* Comment 3.5, on *R.* 1:36–3. The Federal Rules of Civil Procedure and the New Jersey Court Rules contain almost identical language addressing the taking of the discovery deposition of an expert witness and the issue of the fee to be paid an expert witness to attend a deposition.

Fed.R.Civ.P. 26(b)(4)(A) provides that "(a) party may depose any person who has been identified as an expert whose opinions may be presented at trial." Further, Fed.R.Civ.P. 26(b)(4)(E) provides "(u)nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a

*reasonable fee* for time spent in responding to discovery under Rule 26(b)(4)(A) . . ." (emphasis added).

In other words, both the New Jersey Court Rules and the Federal Rules of Civil Procedure authorize the parties to take the discovery deposition of expert witnesses retained by the opponent and both federal rules and the New Jersey Rules provide that, if the parties cannot agree on the fee to be paid by the party requesting the deposition, the court shall set a "reasonable fee" for attending the deposition. Neither the federal nor the state rules provide any assistance to the trial court to calculate the amount of a reasonable fee. In light of the absence of reported opinions in New Jersey addressing the factors to be considered when determining whether the fee sought by an expert to attend a discovery deposition is reasonable, the court turns to the federal decisions interpreting the analogous federal rule for guidance.

In *Goldwater v. Postmaster General of United States*, 136 *F.R.D.* 337 (D.Conn.1991), Judge Thomas P. Smith identified the factors that the federal court should employ in determining a reasonable fee to be paid to an expert for attending a discovery deposition in accordance with Fed.R.Civ.P. 26(b)(4). Initially, Judge Smith observed:

> There is very little authority as to what is meant by the term "a reasonable fee" in Rule 26(b)(4)(C). Indeed, as one court recently noted "most courts acknowledge the paucity of authority and then use their discretion to select an amount deemed reasonable."
>
> [*Hurst v. U.S.*, 123 *F.R.D.* 319, 321 (D.S.D.1988); *see also Draper v. Red Devil, Inc.*, 114 *F.R.D.* 46, 48 (E.D.Ark.1987) ].
>
> What little authority does exist does not supply the court with much guidance in determining the fee to be paid . . . (the expert) . . . in this case. The courts that have considered the issue have generally failed to delineate all of the factors that they necessarily weighed in determining whether a particular fee was reasonable. Decisions that determine a "reasonable fee" without completely setting forth the factors considered cannot serve as precedent for this court because of the peculiarity of the facts of each case.
>
> [*Goldwater, supra*, 136 *F.R.D.* at 339].

Judge Smith, in *Goldwater*, determined that the factors that should be considered determining whether a particular request for a fee for attending a discovery deposition is reasonable include:

(1) the witness's area of expertise; (2) the education and training that are required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) the fee actually being charged by the expert to the party who retained him; and (7) fees traditionally charged by the expert on related matters.

[*Goldwater, supra,* 136 *F.R.D.* at 340; *Broushet v. Target Corp.,* 274 *F.R.D.* 432, 433 (E.D.N.Y.2011); *Mannarino v. United States,* 218 *F.R.D.* 372, 375 (E.D.N.Y. 2003); *Mathis v. NYNEX,* 165 *F.R.D.* 23, 24–25 (E.D.N.Y.1996) ].

In *Mannarino,* Judge Robert M. Levy held that as a general rule, "the party seeking reimbursement of deposition fees bears the burden of proving reasonableness. . . . If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee." *Mannarino, supra,* 218 *F.R.D.* at 375 (citing *New York v. Solvent Chem. Co.,* 210 *F.R.D.* 462, 468 (W.D.N.Y.2002) (citations omitted)).

Judge Levy determined that the expert's proposed flat fee of $3000 to attend a discovery deposition was unreasonable. *Ibid.* He reasoned that the court must expect some demonstration of a reasonable relationship between the services rendered and the reimbursement to which an expert is entitled. *Ibid.; see also Anthony v. Abbott Labs.,* 106 *F.R.D.* 461, 464 (D.R.I.1985). "The requirement of the payment of a flat fee effectively compels the parties in a relatively simple case to subsidize the parties in more complex cases requiring a greater expenditure of the expert and counsel's time." *Mannarino, supra,* 218 *F.R.D.* at 375.

Although this court recognizes that the opinions in *Goldwater* and *Mannarino,* are not precedent and not binding, this court finds the U.S. Magistrates' interpretation of Fed.R.Civ.P. 26(b)(4)(E) to be persuasive and applicable to the proper interpretation of *R.* 4:10–2(d)(2).

The court rejects plaintiff's suggestion that defendant should be required to pay Glass to prepare for the discovery deposition. If Glass determines that he must review "excessive" medical records or devote "excessive" time to preparing for the deposition, then the amount that is to be charged to the defendant for preparation

is unknown to the parties or to the court in advance of the preparation. The party who plans to take the discovery deposition of an adversary's expert witness cannot be compelled to agree to provide a blank check payable to the expert for the time the expert determines is required to prepare for the deposition. Furthermore, *Rule* 4:10–2(d)(2) places the obligation to pay the fee for the preparation of the experts deposition on the proponent and the court has not been supplied with any information that would justify treating the obligation to pay for preparation in this case any differently than any other case. Therefore, the responsibility for paying Glass for his time in preparing for the discovery deposition shall rest with plaintiff.

Plaintiff suggests that the court should consider the fee schedules of three other neurological surgeons in the Southern New Jersey region in setting a reasonable fee for Glass to attend a discovery deposition. Two of the three neurosurgeons charge a flat fee to attend a discovery deposition; Dr. James G. Lowe, an Atlantic County neurosurgeon charges $3300 for a video deposition unless the time exceeds three hours in which event the fee is $1100 per hour. All fees must be paid to Dr. Lowe before the deposition. Dr. Luis A. Cervantes, a Burlington County neurosurgeon, charges a fee of $3000 for the first hour and then $1000 per hour after the first hour. The fees must be paid when the deposition is scheduled. Dr. Richard C. Strauss, a Cumberland County neurosurgeon, charges $3000 per hour for the deposition.

This court has little doubt that most surgical specialists, including most neurosurgeons, charge a fee in reasonably close proximity to the $3000 fee sought by Glass for attending a discovery deposition. However, the fact that surgical specialists in the Southern New Jersey area generally charge a certain flat fee to attend a deposition does not lead this court to the inescapable conclusion that in order to take a discovery deposition of an expert, whatever fees charged by a majority of surgical specialists are reasonable and must be paid by an attorney who did not select the expert. There is no doubt that this court does not possess the

authority to mandate that Glass or any other expert accept a certain amount of money for his or her services attending a discovery deposition. The issue is not how much money the expert charges for attending the deposition or what the majority similarly credentialed experts charge but what is a reasonable amount of money for opponent to pay the expert for attending the deposition.

This court determines that plaintiff has not satisfied her burden of demonstrating that Glass's proposed flat fee of $3000 for attending the discovery deposition is reasonable, and the burden of establishing that the fee is reasonable rests with plaintiff as the proponent of Glass as an expert. This court finds Judge Levy's reasoning persuasive and rejects the notion that an expert may charge a flat fee for attending a deposition as opposed to an hourly fee for attending the proceeding. *Mannarino, supra,* 218 *F.R.D.* at 375

If the court assumes Glass generates at least $750 per hour while performing his services as a neurological surgeon and assuming the discovery deposition was conducted during normal business hours and not after hours, assuming Glass generates $750 per hour for a 40-hour workweek, he would generate revenues of $1,560,000 annually for a forty hour work week. If Glass attends two, two hour depositions per week and the fee is $750 per hour, he would generate annual revenues of $156,000 for four hours of attending depositions each week. If Glass attends two, two-hour depositions per week on average and his flat fee of $3500 per deposition is employed, Glass will be generating revenues of approximately $364,000 per year or $1750 per hour.

The court will order the payment of a fee of $750 per hour to Glass for attending the deposition that is to be paid to Glass by counsel for the defendant within thirty days of completion of the deposition. The $750 per hour fee shall be paid for attendance even if the deposition lasts less than an hour. If the deposition takes more than an hour of Glass's time, the second $750 is due for the second hour regardless of the portion of the second hour is

consumed. If more than two hours is necessary to depose Glass, again any portion of the third hour will trigger an obligation on the defendant to pay Glass another $750. The court denies the request for an order requiring the pre-payment of the fee.

This court has some reservations about a request for the taking of discovery depositions of medical expert witness in common automobile accident cases where the primary issue is whether plaintiff suffered a permanent injury. The possibility that the discovery deposition procedure could be employed simply to escalate the cost to plaintiff to present the claim as opposed to an actual need to discover additional facts from the expert not known to counsel before the deposition cannot be ruled out. If the Rules are used as a sword to simply increase the cost of litigation, the court will entertain an application to compel the party misusing the process by demanding the deposition of the expert not only to pay the expert's entire fee for attending the deposition but also compelling the party demanding the deposition to pay preparation fees and a counsel fee. *R.* 1:4–8(a)(1) and *R.* 1:4–8(d).