**Patricia BROUSHET, Plaintiff,**

v.

**TARGET CORPORATION, Defendants.**

**No. CV 09–512(JFB)(AKT).**

United States District Court,
E.D. New York.

March 3, 2011.

Francesco Pomara, Jr., Mallilo & Grossman, Esqs., Flushing, NY, Jessica Lynn Kronrad, Jessica Kronrad, Esq., Huntington Station, NY, for Plaintiff.

Sal F. Deluca, Simmons Jannace, LLP, Syosset, NY, for Defendants.

## ORDER

A. KATHLEEN TOMLINSON, United States Magistrate Judge:

### I. PRELIMINARY STATEMENT

Presently before the Court is Defendant Target Corporation's ("Target") letter motion requesting the Court to set the fee Target must pay to take the deposition of Plaintiff's expert, Sebastian Lattuga ("Dr. Lattuga"). *See* DE 21. Prior to the deposition, Defendant received an invoice from Dr. Lattuga requesting payment of $8,400 or $600 per hour for 12 hours of preparation for the deposition and two hours for the deposition itself. *Id.* at 1 and Ex. 2. Although Defendant does not dispute that it is required to pay Dr. Lattuga a reasonable fee, the Defendant argues that the fee sought is excessive, and, instead, requests that the Court issue an Order setting Dr. Lattuga's fee at $250 per hour for time spent at his deposition and $125 per hour for his deposition preparation. *Id.* at 2–3.

Subsequent to Defendant's motion, Dr. Lattuga's deposition was concluded. *See* DE 24. According to the Defendant, Dr. Lattuga testified that he spent two hours preparing for the deposition and the deposition took approximately 90 minutes. *Id.* Based on this information, the Defendant filed a separate letter motion requesting that the Court set Dr. Lattuga's fee at $625, resulting from $250 for deposition preparation (at $125 per hour) and $375 for the deposition (at $250 per hour). The Plaintiff has not filed any response to Defendant's motions.

### II. LEGAL STANDARD

The Federal Rules of Civil Procedure state that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed.

R.Civ.P. 26(b)(4)(A). Pursuant to Rule 26(b)(4)(C), "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery." Fed.R.Civ.P. 26(b)(4)(C)(i). Courts in this District consider the following factors in determining the reasonableness of a fee:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographical area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

*Magee v. The Paul Revere Life Ins. Co.,* 172 F.R.D. 627, 645 (E.D.N.Y.1997) (internal citations omitted); *see also Mathis v. NYNEX,* 165 F.R.D. 23, 24–25 (E.D.N.Y.1996) (listing same factors). "None of the foregoing factors have talismanic qualities. Instead, they provide a guide for the Court to utilize." *Magee,* 172 F.R.D. at 645.

The party seeking to be reimbursed bears the burden of demonstrating that the fee sought is reasonable. *See New York v. Solvent Chem. Co.,* 210 F.R.D. 462, 468 (W.D.N.Y.2002). However, where the party seeking reimbursement fails to meet its burden, "the court may use its discretion to determine a reasonable fee." *Id.*

### III. DISCUSSION

██ In this case, not only has the Plaintiff failed to meet her burden, but she has failed to offer any evidence supporting the reasonableness of Dr. Lattuga charging the Defendant $600 per hour. Because of Plaintiff's complete lack of response to Defendant's letter motion, the Court shall exercise its discretion to determine a reasonable fee.

The only evidence presented to the Court comes from the Defendant who provided a copy of Plaintiff's Rule 26 expert disclosure of Dr. Lattuga, his curriculum vitae and his patient reports. *See* DE 21, Ex. 1. Dr. Lattuga is a board certified and fellowship trained orthopedic surgeon specializing in spine surgery who is affiliated with the Long Island Day Op Center and the North Shore–LIJ Franklin Hospital. Dr. Lattuga graduated from S.U.N.Y. Stonybrook School of Medicine in 1989 and completed a post-doctoral research fellowship and general surgery internship at Mount Sinai Medical Center in 1990 and 1991, respectively. Dr. Lattuga did his residency in orthopedic surgery at University Hospital Stonybrook in 1995. Subsequently, he completed a fellowship in adult and pediatric spine pain management at the University of Miami in 1996.

Dr. Lattuga is clearly an experienced orthopedist and spine surgeon whose role in this lawsuit is that of a treating physician who is also being proffered as an expert. Plaintiff's expert disclosure states that Dr. Lattuga will testify in regard to:

> his initial examination of the patient on December 23, 2008 and his initial examination results thereof; results of lumbar MRI performed on August 13, 2008 as well as his initial diagnosis and recommendation for surgery. He will further testify as to surgery performed on January 20, 2009. . . . He will thereafter testify in regard to his continuing follow up visits and examinations of the patient culminating in his June 18, 2009 exam, the findings thereof and his prognosis.

*Id.* at Ex. 1. According to Plaintiff's expert disclosure, Dr. Lattuga has previously testified in two state court matters; however, there is no indication what fee he received or rate he charged for these services.

Aside from the above material, the Court has not been provided with any other information addressing the other factors used to determine the reasonableness of a fee. Therefore, based on the limited information provided to the Court, and the rates provided to other orthopaedists in this District, the Court finds the hourly rate of $600 dollars to be unreasonable. However, the Court finds the Defendant's request to set Dr. Lattuga's

rate at $250 (and $125 for preparation) to be equally unreasonable.

Significantly, the Defendant omits any discussion of *Casiano v. Target Stores,* No. CV 2006–6286, 2008 WL 3930558 (E.D.N.Y. Aug. 21, 2008), which involved the same defendant, same counsel for the defendant (Simmons Jannace LLP) and same dispute as the one now facing this Court. In *Casiano,* the plaintiffs sought a flat fee of $8,000 for their expert's appearance at an anticipated half-day deposition. *See Casiano,* 2008 WL 3930558, at *1. There, the court held:

> [b]ased on my review of the documents and my knowledge of prevailing rates in the Eastern and Southern districts of New York, I find that a rate of $400 per hour is a more than reasonable rate for Dr. Reddy's expert witness fee.

*Id.* at *2. Furthermore, in *Kreyn v. Gateway Target,* No. CV–05–3175, 2008 WL 2946061 (E.D.N.Y. July 31, 2008), the court found that an expert fee of $400 per hour was reasonable for an orthopaedist who was plaintiff's treating physician. *See Kreyn,* 2008 WL 2946061, at *2; *but see Reit v. Post Properties, Inc.,* No. 09 Civ. 5455, 2010 WL 4537044, at *6 (S.D.N.Y. Nov. 4, 2010) (reducing the deposition hourly rate for orthopaedist from $550 to $250).

Nothing in the cases cited by the Defendant convinces the Court that a rate less than $400 per hour is reasonable. The Court finds unavailing Defendant's reliance on *Mathis v. NYNEX,* 165 F.R.D. 23 (E.D.N.Y. 1996). In *Mathis,* the expert at issue was a psychiatrist, not an orthopaedist, not to mention the fact that the case is 15 years old and rates could hardly be expected to remain static for that period. *See Mathis,* 165 F.R.D. at 25–26. In addition, although the doctors being deposed in the 11–year-old case *Coleman v. Dydula,* 190 F.R.D. 320 (W.D.N.Y.1999) were treating physicians, there is no mention of what type of practice they ran or what type of treatment they provided to the plaintiffs. *Coleman,* 190 F.R.D. at 321–24. Accordingly, this Court finds that $400 per hour is a reasonable fee and that Dr. Lattuga should be compensated accordingly.

In addition, time spent by an expert preparing for a deposition is clearly compensable in this Circuit. *See, e.g., Magee,* 172 F.R.D. at 647; *Kreyn,* 2008 WL 2946061, at *1. However, the Defendant's request to reduce the per hour fee by half with regard to preparation time is not supported by the case law in this Circuit. Contrary to Defendants' request, courts award the same per hour fee for preparation as they do for the time being deposed. *See, e.g., Magee,* 172 F.R.D. at 647 (setting expert fee rate for preparation time as the same for time spent for the deposition); *Casiano,* 2008 WL 3930558, at *2 (same). Even the cases cited by the Defendant awarded the same hourly expert fee for time preparing for and testifying at a deposition. *See Garnier v. Ill. Tool Works, Inc.,* No. 04 CV 1825, 2006 WL 1085080, at *4 (E.D.N.Y. Apr. 24, 2006) (finding $350 to be a reasonable expert rate for psychiatrist in preparing for and testifying at his deposition); *Dwyer v. Deutsche Lufthansa, AG,* No. CV 04–3184, 2007 WL 526606, at *4 (E.D.N.Y. Feb. 13, 2007) ("Defendant has not argued that Plaintiff's expert is not entitled to the $350/hr fee requested for attendance at or preparation for his deposition."). Therefore, Dr. Lattuga will be compensated at a per hour rate of $400 for the two hours he spent preparing for his deposition for a total of $800.

Lastly, experts are only compensated "for the hours actually expended in connection with the deposition." *See Kreyn,* 2008 WL 2946061, at *1. Because Dr. Lattuga testified at his deposition that he spent two hours preparing for the deposition and his deposition took 90 minutes, the Court will only award expert fees for time actually expended.

## IV. CONCLUSION

In light of the foregoing, the Defendant's motions are GRANTED in part and DENIED in part. The Court sets Dr. Lattuga's total fee with regard to preparing for and attending his deposition at $1,400, which is the result of two hours of preparation time at $400 per hour ($800) and 1½ hours for the time spent at his deposition at $400 per hour ($600). The ·Defendant is directed to make

payment of $1,400 within 14 days of this Order.

**SO ORDERED.**